NEW-YORK,
May, 1810.

LANSING *against* RATTOONE.

LANSING
v.
RATTOONE.

IN error, on *certiorari.* The return stated, that *Rattoone* sued *Lansing*, under the statute for regulating distresses, and the recovery of rents, (11 sess. c. 36.) in a special action on the case, for collecting and recovering more rent than was due.

At the trial, it appeared that *Lansing* had leased to one *Robert Montgomery*, a lot in *Lansingburgh*, for 5*l.* a year, for ever; payable on the 1st of *March*, yearly, with 25 days of grace; and in case of default, liberty was reserved to distrain and sell, and if no distress was to be found, a power of re-entry was reserved. *Montgomery* had erected buildings on the lot, and five years' rent were due from him. During three years the plaintiff below lived on the premises, as tenant to *Montgomery*; and during the whole of the five years, there had been sufficient property on the premises to pay the rent. The defendant below distrained on the property of the plaintiff in error, for the five years' rent, with four years' interest and costs, and a small sum besides, which appeared to have been a mistake, in taking more interest than would have been due, if the party was entitled to interest.

On these facts, the justice gave judgment for *Rattoone*, for 15 dollars 35 cents damages, being the amount of money collected by the distress, over and above the five years' rent and the costs.

Sedgwick, for the plaintiff in error.

Allen, contra.

*Per Curiàm.* The remedy by distress is for the rent, and not for damages for the delay. The party never avows, but for the rent. In *Braithwaite* v. *Cooksey*, (1

The remedy by distress, is for the rent alone, and not for damages for the delay; and the lessor can distrain only for the amount of rent in arrear, and not for *interest.*

*H. Black.* 465.) the avowry in replevin was for five years' rent in arrear, under a demise for a specific sum in rent, payable yearly, but it was only for the aggregate sum of rent, without interest. Interest cannot be demanded on the arrears of rent, when the party proceeds by distress. It has now become, as Baron *Gilbert* says, *in the nature of an execution,* rather than a distress, in the genuine sense of the word; and it would lead to abuse and oppression, if the party was to determine for himself, when he was entitled to interest, and to proceed, in this way, to recover it.

The judgment must be affirmed.

Judgment affirmed.