JAMES C. BARTLETT

*v.*

MARY SULLIVAN.

|  87     219|
|102a  ¹384|

1. PRACTICE—*affidavits of claim and merits apply to distress for rent.* Under the revision of 1874, a proceeding by distress warrant must be regarded as a suit for rent, in which the plaintiff has the right to invoke the aid of section 37 of the Practice act; and where he files an affidavit of claim with the distress warrant, the defendant is bound to file with his pleas an affidavit of merits.

2. Section 37 of the Practice act applies to any suit upon a contract, express or implied, for the payment of money, and embraces a proceeding by distress for rent.

3. SAME—*want of copy of lease in distress for rent.* The statute declaring that a distress for rent shall proceed in the same manner as an attachment, the plaintiff is not bound to file his warrant or a copy of the lease upon which the action is based, ten days before the commencement of the term, to avoid a continuance.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. R. D. McDONALD, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding to collect $500 rent due upon a lease, by a distress warrant. A copy of the distress warrant, together with an inventory of the property levied upon, was

filed with the clerk of the circuit court of La Salle county, who issued a summons, which was served as required by the statute. On the return day of the summons, the court allowed the plaintiff in the action to file an amended distress warrant and an affidavit of claim. The defendant pleaded to the action, but the plea was stricken from the files, for the reason defendant refused to file therewith an affidavit of merits as he was ruled to do by the court. After the plea was stricken from the files, a default was taken, the evidence heard and judgment rendered for the amount due upon the lease.

The first question presented is, whether, under chapter 80, Revised Statutes of 1874, entitled "Landlord and Tenant," in a proceeding of this character, a plaintiff can, by filing an affidavit of claim, require the defendant to file with his plea an affidavit of merits. Section 18 of the act provides for a summons, returnable as other summonses. Section 19 provides for publication of notice, where the defendant is a non-resident. Section 20 declares: "The suit shall thereafter proceed in the same manner as in case of attachment before such court or justice of the peace: *Provided*, that it shall not be necessary for the plaintiff, in any case, to file a declaration; but the distress warrant shall stand for a declaration, and shall be amendable as other declarations: *Provided*, that no such amendment shall in any way affect any liabilities that may have accrued in the execution of such warrant." Section 21 provides: "The defendant may avail himself of any set-off or other defense which would have been proper if the suit had been for the rent, in any form of action, and with like effect." Section 22 provides for the rendition of a judgment; and under section 25 it is provided: "If a set-off is interposed, and it appears a balance is due from the plaintiff to the defendant, judgment may be rendered for the amount thereof."

At common law, the landlord had the right to distrain the goods and chattels of the tenant for rent due, and he might sell the property distrained without going into court or resorting to legal process. The rule of the common law was, how-

ever, so far changed by section 6, chapter 60, of the Revised Laws of 1845, that, before the landlord could sell the goods of the tenant for rent, he was required to bring the tenant into court, and have the amount of the rent due assessed. No set-off in behalf of the tenant could be allowed. As was said in *Sketoe* v. *Ellis*, 14 Ill. 76, "the court has only to inquire whether the relation of landlord and tenant exists between the parties, and, if so, to ascertain the amount of rent due and in arrear when the distress was made. These are the only questions that can properly arise on the trial. No other transactions between the parties are to be taken into consideration. The landlord can not introduce a demand against the tenant for which he has not the right to distrain; nor can the tenant set up, by way of set-off, a demand that he may have against the landlord. He may, of course, show that he has made payments on account of the rent, and thus reduce the amount of the assessment."

Under the provision of the act of 1845, no declaration or pleading was required; nor could a judgment be rendered. The proceeding was not governed by the practice affecting ordinary trials at law. *Alwood* v. *Mansfield*, 33 Ill. 452. But it is apparent, from an inspection of the provisions of chapter 80, Revised Statutes of 1874, a radical change was made in the act of 1845 on this subject. After the service of summons or publication of notice, the suit is required to proceed in the same manner as an action by attachment, the distress warrant is made the declaration, the defendant has the right to plead, and the court is required to render judgment.

Under these various provisions, a proceeding by a distress warrant must be regarded as a suit for the collection of rent, in which the plaintiff had the right to invoke the aid of section 37, chapter 110, of the Practice act. That section, as is apparent from the language used, applies to any suit upon a contract, express or implied, for the payment of money. This proceeding is made by the statute a suit, and it was brought upon a contract for the payment of money, and we can not,

by a reasonable construction of the language used, do otherwise than hold that it was embraced within the terms of the section. When, therefore, an affidavit of claim was filed with the distress warrant, which, by the act, was made the declaration, the defendant was bound to file with his plea an affidavit of merits. As he failed to do this, the court did not err in striking from the files his plea.

It is also claimed the court erred in refusing to continue the cause on motion of defendant, for the reason a copy of the lease upon which the action was based was not filed, with the declaration, ten days before the commencement of the term of court. It is a sufficient answer to this position, that, in an action by attachment, the declaration is not required to be filed ten days before the term of court begins; and the statute declares, the suit, in a case of this character, shall proceed in the same manner as in case of attachment.

As the plaintiff was not required by the statute to file his declaration, or a copy of the instrument, ten days before the commencement of the term, the motion of defendant was properly overruled.

As we perceive no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*