Stephani Rauh, Executrix, etc.

v.

William C. Ritchie, Executor, etc.

</div>

1. Distress for rent—Death of tenant pendente lite—Survivorship of action.—A proceeding against a tenant for the collection of rent, whether it be by the common law actions of covenant, debt or assumpsit, or by distress, survives upon the death of the tenant, and may be prosecuted against his executor or administrator. Such a proceeding is made by statute analogous to proceedings in cases of attachment, and the rules of practice in attachment are adopted and made applicable to proceedings by distress for rent.

2. Amendment of judgment—When to be upon notice.—By mistake of the clerk in entering up judgment in this case, the substitution of the executrix as party defendant was overlooked, and the judgment was entered against the deceased tenant. Nearly eighteen months after the entry of judgment, an order was entered correcting the judgment, but without notice to plaintiff in error; Held, that while courts have authority over their records to correct clerical errors, and, if done at the term in which judgment is rendered, without notice, it is error to allow an amendment, even in matters of form, at a subsequent term, without notice, and an amendment so made is a nullity.

3. AWARDING EXECUTION—GENERAL AND SPECIAL.—The judgment as originally entered, awarded a general execution and also special execution against the property distrained. Afterwards, on notice to plaintiff in error, an order was entered directing that the judgment be paid in due course of administration, but the order for special execution against the property distrained was left unchanged ; held, that the first amendment being a nullity, the record still showed a judgment against the deceased tenant, and the order to pay the judgment in due course of administration had no force.

4. RELEASE OF PROPERTY BY BOND.—The property distrained was released by giving bond as provided in the statute. Held, that the specific lien upon the property seized was thereby at an end, and it could not be taken from the executrix by special execution. The only remedies left the landlord were by enforcing payment in due course of administration, or by suit upon his bond. ,

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. HORACE G. LUNT and Mr. ADOLPH MOSES, for plaintiff in error; contending that proceedings by distress for rent abated upon the death of the tenant, cited Rev. Stat. 659; Rev. Stat. 97; Rev. Stat. 126; Davis v. Shapleigh et al. 19 Ill. 386; Tidd's Prac. 1,024; Lahey v. Brady, 1 Daly, 443.

That the amendment of judgment without notice was void: Swift v. Allen, 55 Ill. 303; O'Connor v. Mullen, 11 Ill. 57; Sears v. Low, 2 Gilm. 281; Coughran v. Gutchens, 18 Ill. 390.

That special execution cannot issue after the property has been released by bond: Rev. Stat. 660.

That the lien of the landlord upon the property became lost upon the giving of a bond to release it: Speer v. Skinner, 35 Ill. 282.

Messrs. HUTCHINSON & LUFF, for defendants in error; argued that proceedings by distress should be governed by the same rules of practice as are provided in attachment cases: Rev. Stat. 660, § 20; Rev. Stat. 153, § 3; Davis v. Shapleigh, 19 Ill. 386.

That the action survived and could be maintained against the executrix: Rev. Stat. 269, § 1; Braithwaite v. Cooksey, 1 H. Bl. 465; Penny v. Little, 3 Scam. 301.

The mistake in entering the judgment was a mere clerical error, and amendable without notice: Rev. Stat. 137, §§ 2–7; Mitcheltree v. Sparks, 1 Scam. 122; Duncan v. McAfee, 3 Scam. 93; Sheppard v. Wilson, 6 How. 273; Balch v. Shaw, 7 Cush. 282; Galloway v. McKeithen, 5 Ired. 12; Smith v. Branch Bank, 5 Ala. 26; Cook v. Wood, 24 Ill. 295.

The error in the form of the judgment may be corrected, and the proper judgment entered in the Appellate Court: Albee v. Wachter, 74 Ill. 173; Yarborough v. Scott, 5 Ala. 221; Kent v. Lyles, 7 Gill. & J. 73.

BAILEY, J. On the 2d day of March, 1874, Henry Ritchie, the testator of the defendants in error, as the landlord of John C. Rauh, the testator of the plaintiff in error, caused a distress warrant to be issued, and levied on the goods and chattels of said Rauh. The distress warrant, together with an inventory of the property levied upon, was filed in the Superior Court; summons to the tenant was duly issued and served, and the property distrained was afterwards released, by the tenant entering into bond with sureties as required by the statute.

Pending the proceedings Rauh died, and upon suggestion of his death on the record, it was ordered that the suit be prosecuted against Stephani Rauh, his executrix. Summons against the executrix was thereupon issued and duly served, and afterwards, on the first day of June, 1875, the cause came on for trial before the court without a jury, and judgment was rendered in favor of the plaintiff for $235 and costs.

Among the errors assigned is the order of the court, entered upon suggestion of the death of the tenant, permitting the suit to be prosecuted against his executrix.

It is insisted that a distress for rent does not survive the death of a tenant dying *pendente lite*, and that consequently the proceedings were abated and could not be prosecuted against the personal representatives of the tenant.

We are referred to no authority supporting the doctrine here contended for, and in the absence of authority, it would seem to us that, upon principle, a proceeding against a tenant for

the collection of rent, whether it be by the common law action of covenant, debt or assumpsit, or by distress, survives upon the death of the tenant, and may be prosecuted against his executor or administrator.

But we think this question, if otherwise doubtful, is settled by statute. Chapter 80, of the Revised Statutes, after providing in section 16, as to the property liable to seizure upon a distress warrant; in section 17, for the return of the warrant, and the making and filing of an inventory of the property levied upon; in section 18, for the issuing and return of summons to the tenant, and in section 19 for constructive service by publication of notice, in case of the non-residence of the tenant, provides in section 20 that "the suit shall thereafter proceed in the same manner as in case of attachment before such court or justice of the peace." By this provision, the rules of practice applicable to proceedings by attachment are adopted, and made applicable to proceedings against a tenant by distress warrant.

By section 3 of the act in regard to attachments in courts of record (R. S. 1874, p. 155), it is provided that "heirs, executors and administrators of deceased defendants shall be subject to the provisions of this act in all cases in which it may be applicable to them." In Davis v. Day, 19 Ill. 386, it was held that under this provision of the Attachment Act, an attachment proceeding does not abate by the death of the defendant. We think there was no error in allowing the suit to be prosecuted to final judgment against the executrix of the deceased tenant.

It appears, that notwithstanding the substitution of the executrix for the deceased tenant, as party defendant, the clerk of the court below in entering up the judgment, by mistake, overlooked the change of parties, and entitled the judgment order in a suit of "Henry Ritchie v. John C. Rauh," and the judgment as originally entered was, in form, a judgment against John C. Rauh.

The judgment thus entered was manifestly erroneous, and until put in proper form, it gave the plaintiff no rights as against the executrix of the defendant.

On the 12th day of December, 1876, nearly eighteen months after the entry of the judgment, an order was entered in the court below without notice to plaintiff in error, giving leave to the clerk to amend the record of the judgment " by changing the name of the defendant therein to Stephani Rauh, executrix of John C. Rauh, deceased," and the record was amended accordingly.

We have no doubt of the authority of the court below to allow this amendment on proper notice to plaintiff in error. It was the correction of a mere clerical error, which all courts have the power, in their discretion, at any time to allow. During the term at which the judgment was rendered, and while the record was before the court, an amendment of this character could properly have been made without notice, as at that time the parties were all in court. But after the term was passed the parties were no longer before the court, and had a right to regard the case as finally disposed of.

An amendment, even in a matter of form, could not properly be allowed at a subsequent term without notice, and this amendment having been made without notice, was a nullity. O'Connor v. Mullen, 11 Ill. 57; Swift v. Allen, 55 id. 303; Coughran v. Gutchens, 18 id. 390.

The judgment as originally entered awarded to the plaintiff a general execution, and also a special execution against the property distrained.

It is conceded that it was irregular to award a general execution against an executrix, and that the judgment should have been made payable in due course of administration, and accordingly on the 7th day of September, A. D. 1877, upon notice to plaintiffs in error, the judgment was amended by striking out the order for a general execution, and inserting in its place an order that the judgment be paid in due course of administration. The order for a special execution against the property distrained, was in no way changed by this amendment.

Giving this amendment thus made, on due notice, all the force which properly belongs to it, in what condition did it leave the judgment? The previous amendment of June 12th,

FIRST DISTRICT—APRIL TERM, 1878.    193

1876, being, as we have seen, a nullity, the record showed, notwithstanding that amendment, a judgment against John C. Rauh, and not against his executrix.

The amendment of September 7th, 1877, did not attempt to cure this infirmity in the record, and so the judgment must be still deemed in law to remain in form a judgment against John C. Rauh. But even if it could be held to be a judgment against the executrix, it is still erroneous in awarding special execution against the property distrained. The property seized had been released from the distraint by the execution to the landlord, of the bond provided by statute, and, upon such release, the landlord's specific lien upon the property seized was at an end. It could not, therefore, be taken from the hands of the executrix by special execution, and sold. The only remedies left the landlord were, by enforcing payment of the judgment in due course of administration, or by suit upon his bond. The property seized had become a part of the general assets of the estate, and were not liable to special execution.

For the reason that the judgment must still be regarded as in form a judgment against John C. Rauh, and for the further reason that it awards special execution against the property distrained, it is reversed, and the cause remanded for further proceedings in the Court below, not inconsistent with this opinion.

