Holley et al. v. Metcalf.

---

# B. F. HOLLEY ET AL.
## v.
# E. J. METCALF.

1. LANDLORD AND TENANT.—Appellee had a conversation with one of the appellants, some six months before the expiration of appellee's term, and appellant said, "If you stay on you will have the rent reasonable and I will throw off for heretofore." There appeared to be no acceptance of the offer at the time upon the part of appellee. *Held,* that this conversation did not constitute a contract and amounted only to a proposition on the part of appellants to change the rent; that appellants were entitled to notice of the acceptance of the proposition before the commencement of the new term; that as no notice was given and no new arrangement was made, appellee must be held as occupying the premises as tenant from year to year, and must pay the same rent for 1881 that he had for the previous years.

2. APPLICATION OF PAYMENTS BY AGREEMENT.—Where a landlord and tenant had agreed that all payments or amounts for work and labor done or advances made by the tenant should apply on the rent, whether the rent was due or not, at the time of such payments or work and labor done, such payments having been thus applied by consent, can not be the basis of recovery over.

3. PROCEEDINGS IN DISTRESS.—The court is of opinion that the levy of the distress warrant in this case was sufficient. But if it was not sufficient, the issue was immaterial, and if found for appellee, would not bar re-

covery as appellee had pleaded a set-off, and claimed to recover over for his account. The statute provides that proceedings in distress shall be the same as in attachment cases, and the distress warrant shall stand as a declaration. In attachment cases, the defeat of the attachment, where there was personal appearance, does not defeat the action, only the lien of the attachment, and this rule would apply in this case to allow recovery for the rent where there was personal appearance and defense to the merits.

4. INSTRUCTIONS—BURDEN OF PROOF.—Where there was no dispute, but that appellee was tenant of appellants from year to year, and would hold on the same terms for the following year unless the terms were changed by some other contract, the burden of proof, to show a change, rested upon appellee, and it was error to instruct the jury that the burden was upon appellants.

APPEAL from the Circuit Court of Kankakee county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed February 9, 1883.

Mr. STEPHEN R. MOORE, for appellants; that plaintiffs were entitled to show, under the pleadings, that the property was levied on and the length of time the officer had it in his possession, cited Corgan v. Frew, 39 Ill. 31; Murray v. McLean, 57 Ill. 379; C. & A. R. R. Co. v. Gretzner, 46 Ill. 80.

As to testimony in the impeachment of a witness: 1 Greenl. § 461.

The statute provides in distress proceedings that the warrant shall stand in the place of the declaration and the suit proceed as in attachment cases: R. S. Ill. 1874, Chap. 80, §§ 20, 21; Alwood v. Mansfield, 33 Ill. 452; Kruse v. Kruse, 68 Ill. 188; Storing v. Olney, 44 Ill. 123.

Mr. H. LORING, for appellee.

LACEY, J. This was a suit by appellants against appellee commenced by a levy of a distress warrant on the personal property of the latter. The claim of appellants was $1,000 for the rent due on 160 acres of land. The distress warrant was dated Oct. 27, 1881.

The defense was payment and set-off. The result of the trial was that the appellee recovered a judgment over against

the appellants for $397. It is this judgment this appeal is brought to reverse. The appellants are husband and wife, and the land was the property of the wife and rented to appellee in their joint names, as they claim the husband who made the contract supposed at the time that he had a joint interest with his wife in the land. The defense seems to be based upon the plea that the rent had been overpaid, especially so if the rent for the year 1881 was not due at the time that the distress warrant was issued. 2. That the contract of renting was made with the wife and hence B. F. Holley, the husband, was improperly joined, and that no rent was due the appellants in their joint suit. 3. That appellee had a right to recover over the amount he did recover under any view of the case.

It appears from the evidence that the first contract for renting was made for the year 1878, for $800 for that year, and that after that term had expired the appellee continued to hold over from year to year without any new agreement till and including the year 1881, unless what was said between the parties in August, 1880, was a new leasing for the year 1881. This would show that the premises were occupied by appellee for the years 1878, 1879, 1880 and 1881.

It is claimed by appellee's counsel that in August, 1880, there was a new contract of renting between the appellants and appellee, and that the contract was so changed that, instead of the rent being $800 per year, or $5 per acre, the appellee was to pay what the farm was worth for the year 1881, and that appellants would throw off for heretofore, and he claims that under that contract, the farm was not reasonably worth more than $3.50 per acre per annum for 154 acres, the other six acres being in woods, and that this rate should govern for the years 1880 and 1881, which would amount, as he claims, to only $1,078 for those two years, and that the rent for previous years had been paid, and to offset this claim the appellee should be allowed the following items: In 1880, cash, $675; clover seed, $10; hay, $121; grass seed, $167; cutting hedge, $112.50. In 1881, in April, cash, $400, and corn, $12.95, making a total which he claims sustains his claim of $1,498.45, leaving balance in favor of appellee, after paying the rent, of $420.45

more than the amount found by the jury in appellee's favor. It is claimed that the renting was not for $800 for the place, but the appellee testifies that he was to give $5 per acre for the 160, but the road takes off four acres. This would leave 156 acres without the wood. This only makes a difference of $20 per year, not a large amount. Can the account on the part of the appellee be sustained even on his own testimony? It is true that he states in his examination in chief that, in the year 1880 he paid the amounts as claimed in his bill, and in 1881 paid the amounts claimed for that year, leaving it to be inferred that it was so paid to be applied for rents due for those years, but on cross-examination appellee says that $500 was paid in cash in 1880, and " this may have been for the previous year."

That he could not tell whether the different items paid in 1880 would apply on the rent of 1879 or 1880. He could not state that the $400 paid in 1881 was not paid for rent of 1880, and that he don't think he paid any of the rent of 1881 in cash. The $175 cash was paid for appellant, B. F. Holley, on a judgment note in 1880, on which appellee was security, and in which Mrs. Holley was not principal.

The cash items above enumerated were all he could remember he paid in 1880. The $675 item was made up of the $500 cash and the $175 paid on the judgment note, and the item for cutting hedge, the appellant Holley testifies, was by agreement with appellee applied on the rent of 1879, and this is not contradicted by appellee.

It would seem from this evidence the verdict could not be sustained, allowing all the rest of the rent to be due. It would be manifestly against the weight of the evidence. But the only evidence upon which they claim that the rent was reduced was that of appellee himself, who says that " Aug. 2, 1880, I saw Holley and told him I could not stay there and pay such rent. He said, if you stay on you will have the rent reasonable, and I will throw off for heretofore." He does not state that he rented the land on those terms for the year 1881 nor that he agreed to stay on the place. There appeared to be no acceptance of the offer at the time. This conversation

Holley et al. v. Metcalf.

seems quite incomplete to constitute a contract. It was some six months before the term for the year 1880 had expired and the term for 1881 could commence. It could only amount to a proposition on the part of the appellants to change the lease from $800 to a reasonable rent, whatever that might be. That might be more or less than $800 per year.

The appellants were entitled to notice from the appellee whether he accepted the new proposition or not. If this should be deemed a proposition to be held open for six months or till the end of the year 1880, the landlord should be entitled to notice before the new term commenced, upon what terms appellee chose to occupy the premises. Otherwise the tenant might occupy the premises for the year 1881 and pay at the expiration of the time the amount that was most advantageous to him—either the $800 or a reasonable rent. Appellee was then occupying the premises as a tenant from year to year, and unless some new arrangement was made with his landlord, he would have to pay the same rent for 1881 as he had for the previous years; and of his intention to accept any new terms the landlord was never informed. Conway v. Starkweather, 1 Denio, 113; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151. Nor does any evidence appear tending to show that he ever regarded himself as occupying the premises on any different terms than he had been occupying them theretofore. But next, it is claimed that the rent for the year 1881 was not due when the distress warrant was levied and the suit commenced, and therefore that all the money and work done for the appellants should be applied on the rents for previous years, and the balance should be recovered over against the appellants.

Leaving out of view all considerations as to the amount of the verdict, even on that theory, we can not see that the verdict is sustained by the evidence for the reason that from the testimony of appellee himself it is shown that by an understanding between appellants and appellee, all payments or amounts for work and labor done by appellee, or advances made should apply on the rent, whether the rent was due or not at the time of such payment or advances, or work and la-

bor done. This being the case, such payments made in excess of the rent of 1880 should be applied on the rent for 1881 whether it was due or not at the time the suit was commenced; having been applied by consent they could not be the basis of recovery over. It may not be so clear that the $175 paid on the judgment note, which seems to have been the individual debt of B. F. Holley, ought to be allowed as against the rent, yet if such was the understanding of Mrs. Holley, or agreed to by B. F. Holley, with her consent, it should be allowed.

Another defense is set up that the appellee rented the land of Mrs. Holley solely, the husband only acting as her agent, and hence appellants could not sue jointly.

If this were so it is difficult to see under what claim of right a recovery over $397 against B. F. Holley jointly with his wife could be sustained. If he acted simply as her agent to rent the land, he acted in the same capacity in collecting it, and the work done in cutting hedge was for Mrs. Holley, and was all intended, as appellee testifies, to go on the rent, or in other words, to be paid to the landlord. B. F. Holley, being only agent, would not be personally liable for these advances, the judgment over against both would then be erroneous.

We think the levy of the distress warrant was sufficient, and if not sufficient, the issue was immaterial and if found for appellee, would not bar recovery, as the latter had pleaded a set-off and claimed to recover over for his account. To cut off all the appellants' right of action because the distress warrant had not been legally levied, and allow the appellee to recover over on a plea of set-off, would be a singular proceeding. If appellants' suit should fail on account of not having a proper levy then it would seem that the whole suit, pleas of set-off, and all should fail.

If the suit should be good for the appellee to recover, it should for the appellants. But the statute provides the proceedings in distress shall be the same as in attachment cases and the distress warrant shall stand as a declaration. In attachment cases the defeat of the attachment where there is personal appearance does not defeat the action, only the lien of the attachment.

Holley et al. v. Metcalf.

This rule would apply certainly as far as to allow recovery for the rent where there was personal appearance and defense to the merits. Whether appellants could include other causes of action is not in question and we do not decide. The second, third and fourth instructions given for the appellee seem to be erroneous and calculated to mislead the jury in regard to where the burden of proof rested.

In the first place there is no dispute but that at least appellee was the tenant of appellants from year to year, for a yearly rental of $800 to $780 prior to the year 1881 and would hold on the same terms for that year unless changed by some other contract. To show this change the burden was on the appellee. These instructions and especially the fourth told the jury that the contrary was the rule. The fifth instruction in view of the plea of set-off was calculated to mislead, for it instructs the jury that in case the witness B. F. Holley only acted as the agent of his wife in renting the land, then the appellee should recover without explaining whether he should recover over on his plea of set-off or not.

The jury would very readily suppose from this if the appellants' right of action was defeated the only remaining thing to do was to find a verdict for the appellee for all his claims against Mrs. Holley as well as the husband, which the jury did actually do. It did not by any means follow that there should be a recovery over for the reason that appellants were defeated in their cause of action and the instruction should have been guarded in this particular.

For the reason that the verdict was clearly against the weight of the evidence and on account of the erroneous instructions, the judgment is reversed and the cause remanded.

Reversed and remanded.