## JAMES W. CRAIG
## v.
## G. L. MERIME.

DISTRESS—RENT PAYABLE IN PRODUCE.—A proceeding by distress upon a warrant as follows: " A is hereby appointed my agent, to distrain of the goods and chattels of B, of said county, four and one half tons of broom corn, grown on * *, for amount of $150 damages due me for the non-performance of the conditions of the lease of B as my tenant, on said land, for the year 1883." *Held*, that the warrant is not void upon its face and it was error in the court below to quash it.

APPEAL from the County Court of Coles county; the Hon. CHARLES BENNETT, Judge, presiding. Opinion filed January 16, 1885.

Messrs. CRAIG & CRAIG, for appellant; cited Mitsel v. Myers, 91 Ill. 499.

Mr. THOMAS STODDERT, JR., for appellee; that a court of law did not possess the means of enforcing the lien, cited R. S. Ch. 80, § 31 ; C. & V. R. R. Co. v. Fackney, 78 Ill. 116; Richeson v. Crawford, 94 Ill. 165.

McCULLOCH, J. This was a proceeding by distress upon the following warrant:

State of Illinois, } ss.
    Coles County. }

John Millingham is hereby appointed my agent to distrain of the goods and chattels of G. L. Merime of said county, four and one half tons of broom corn, grown on the northeast quarter northwest quarter, and northwest quarter northeast quarter of section 20, town 13, north, range 10, east, Coles county, Illinois, * * * owned by me, for amount of $150 damages due me for the non-performance of the conditions of the lease of G. L. Merime as my tenant, on said land, for the year 1883.    JAMES W. CRAIG.
    March 18, 1884.

Craig v. Merime.

The bailiff named in the said warrant levied upon the crop grown upon the land therein described, whereupon proceedings were had and a judgment rendered before a justice of the peace. Upon appeal to the county court, on motion of appellee, the said warrant was quashed, the property levied upon ordered to be released, and judgment rendered against appellant for costs. From that judgment this appeal is prosecuted.

There was no evidence introduced upon the hearing of said motion, but the court seems to have held the warrant void upon its face. It is contended that section 31, Ch. 80, R. S., which gives the landlord a lien upon the crops grown upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money, or specific articles of property, or products of the premises, or labor, and also for the faithful performance of the terms of the lease, gives no right of distress, and therefore a distress warrant issued for damages, due for the non-performance of the conditions of the lease, as in this case, is void. If that were the only section applicable to the case we should probably regard the point as well taken. But section twenty-nine provides that when the rent is payable wholly or in part in specific articles of property, or products of the premises, or labor, the landlord may distrain for the value of such articles, product or labor.

Now the non-payment of rent according to the terms of the leasing is a non-performance of the conditions of the lease, and if the rent was payable in specific articles of property, or products of the premises, or labor, the landlord would have the right to distrain, not for the specific article agreed to be paid, but for its value. It might possibly have been more technical to have called the sum due, rent; but in an action of assumpsit or covenant for a recovery of the value of the same articles of property or labor, the same would be called damages. Thus, if the tenant had agreed to perform a certain amount of labor in payment of his rent, and had failed to do so, the landlord would have had the right to distrain for the value of the labor. Calling the sum claimed by the landlord damages, instead of rent, we do not think vitiates the warrant.

We are therefore of opinion that the warrant is not void upon its face and it was error in the court below to quash it. Whether or not it can be maintained must depend upon the proof. There are, no doubt, many covenants and conditions in leases which, if broken, might give the landlord a lien upon the crops grown or growing upon the demised premises, by the terms of section thirty-one, and yet he could not distrain therefor. Under that section the lien extends only to the crops. Section twenty-nine is much wider in its scope. It gives the right of distress generally upon all the property, not exempt, of the tenant, for the rent due, whether such rent be payable in property or labor. But the right of distress is confined to the rent and can not be extended to the breach of other covenants or conditions of the lease, although, in the case of farm or other lands, the landlord may have a lien upon the crops grown or growing thereon, for his indemnity.

For these reasons the judgment of the court below will be reversed and the cause remanded.