## T. O. Tanton v. Christiana Boomgaarden.

1. APPELLATE COURT PRACTICE — *Where No Cross-Errors are Assigned.*—Where no cross-errors are assigned, the plea of the statute of limitations can not be considered in this court.

2. LIMITATIONS—*Where the Commencement of the Action is Stayed by Injunction.*—Where the commencement of the action is stayed by an injunction the time of the continuance of the injunction is not part of the time limited for the commencement of the action.

3. DISTRESS—*Confined to Rent.*—Interest can not be collected in an action for distress unless it is to be considered as rent, for the right of distress is confined to rent, and can not be extended to the breach of other covenants or conditions of the lease.

4. INTEREST—*In Actions by Distress for Rent.*—Interest generally can not be recovered in proceedings in distress for rent.

Distress for Rent.—Appeal from the Circuit Court of Livingston County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

ELWOOD, MEEK & LOVETT and R. R. WALLACE, attorneys for appellant.

POWELL & MARVEL, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is a case of distress for rent by appellant against appellee, in which the former recovered a judgment for $564.78, from which he appealed, claiming a larger sum due him.

It appears from the proofs that on January 20, 1897, appel-

lant leased to appellee in writing, a farm of 240 acres in Livingston county for one year, from March 1, 1897, to March 1, 1898. By the terms of the lease appellee agreed to pay as rent $275 cash for the dwelling-house and buildings on said premises, and $5.50 per acre cash for all meadow, pasture and grass land and orchards on said premises, all payable August 1, 1897; also two-fifths of all grain of every kind raised on the premises to be delivered at the market, the corn to be shelled when delivered; and also to pay as rent the road and bridge tax, during the existence of said lease. The lease further provided that appellee should pay as rent 2,000 bushels of corn out of her three-fifths' share of the crop of 1897, for shortage of her husband, George B. Boomgaarden, as rent in crops of 1895 and 1896; that all rents not paid when due should draw interest at the rate of seven per cent per annum until paid; that all damages growing out of the failure to perform any of the covenants of the lease should be added to and become a part of the rent recoverable as such; that appellee should pay all costs and expenses arising from the enforcement of any of the covenants of the lease by appellant, and in addition thereto $25 attorney's fees, to be entered up as part of the judgment in favor of appellant, in any suit to enforce the provisions of the lease. Differences having arisen between the parties, appellee on October 1, 1897, filed a bill in chancery against appellant, praying relief from the provisions of the lease and for an injunction restraining appellant from interfering with her possession of the premises or the sale of the crops. A temporary injunction was issued and a receiver appointed, and afterward upon the hearing in the Circuit Court a decree was entered canceling the lease and declaring what were equitable terms between the parties. From this decree an appeal was taken to this court, which reversed the same and remanded the cause with directions to the Circuit Court to dismiss the bill. See Tanton v. Boomgaarden, 79 Ill. App. 551. In the course of the proceedings the Circuit Court had directed the receiver to sell certain corn, but by agreement between the parties,

appellant took the corn, which was a part of appellee's three-fifths, at a certain price per bushel, which produced the sum of $710.40, which the court ordered to be paid in to the circuit clerk. The Circuit Court, in compliance with the order of this court, afterward dismissed said bill in chancery, and in the meantime appellant, having on January 17, 1899, commenced this suit, by issuing his distress warrant to the sheriff of Livingston county, it was further ordered by the court that the clerk pay the money now in his hands to the sheriff, to abide the distress proceedings begun by appellant.

Appellee claims that suit can not be maintained because it was not brought within six months after the termination of the lease, the statute giving the landlord only six months after the expiration of the lease or the termination of the tenancy to distrain the personal goods of the tenant. Rev. Stat., Chap. 80, Sec. 28.

As she has, however, assigned no cross-errors, she therefore can not be heard in this court upon that question. It is proper to say, however, that suit was brought within six months after the suit in which an injunction was issued restraining appellant from interfering with appellee in the possession of said premises or the sale and management of the crops, was disposed of. By the authority of section 23 of the act on limitations, which provides that when the commencement of the action is stayed by injunction, the time of the continuance of the injunction is not part of the time limited for the commencement of the action, the proceedings were brought in ample time.

The questions arising in this case are mainly presented by objections raised upon the instructions. It appeared from the evidence that appellee had put two acres of the premises in question in potatoes, for which appellant claimed $11 rent, charging the same rent as was agreed to be paid for meadow, pasture land and orchards. By instruction No. 4 the court told the jury that they could not allow the claim made for the two acres of potatoes ground, and that they should disregard the evidence upon that item. The

instruction was properly given.   It is not shown that these potatoes were raised on land set apart for meadow grass or orchards, and if appellant was entitled to recover at all under the lease for this land, he was certainly not entitled to more than two-fifths of the crop, likening it to the grain rent.   He did not, however, prove the amount raised or the value of his share, and the jury would therefore have been unable to determine the amount due him therefor.

Appellant claimed interest at the rate of seven per cent per annum upon the rent from the time it fell due, amounting to some $70.   The court, however, by the fifth instruction told the jury that they should not consider any evidence in the case as to the claim made for interest, and that they should not allow the item of interest "as a claim as rent" in the case.   Interest could not be collected in this proceeding unless it is to be considered as rent, for the right of distress is confined to rent and can not be extended to the breach of other covenants or conditions of the lease. Craig v. Merime, 16 Ill. App. 214;  Marr v. Ray, 151 Ill. 340.

Interest generally can not be recovered in distress for rent.   9 Am. & Eng. Ency. of Law, 2d Ed., 624;  Lansing v. Rattoone, 6 Johns. 43.

There was, moreover, no claim for interest in the distress warrant; it is not declared to be rent by the lease, and is not compensation for the use of the land.   The claim for interest was therefore properly excluded.   What is said in reference to interest will also apply to the $25 attorney's fees provided for by the lease for which the plaintiff claimed the right to distrain.   The court properly directed the jury not to consider this item.

The appellant also urges that instructions 6, 12 and 13 given by the court were erroneous.   No exceptions, however, were taken to instructions 6 and 12, and the objection to instruction No. 13, that it invades the province of the jury, is not well taken.

Appellant also complains that the court refused to give two of the instructions offered by him.   The first of these, however, was fully covered by instructions 3 and 9 given,

and the other told the jury that appellant was entitled to recover interest on the amount due, and was properly refused.

It is further urged that the evidence was not sufficient to sustain the verdict. While the evidence was conflicting and confusing, it was fairly presented to the jury, and there being no error in the instructions, we do not feel warranted in disturbing the verdict on that ground. The judgment of the court below is therefore affirmed.