## Louise Wiemerslage v. Johann Zulk.

1.  PRACTICE—*In Cases of Distress for Rent.*—The practice in cases
of distress for rent in justices' courts, after filing the copy of the dis-
tress warrant and inventory, and issuance of summons, is the same as in
cases of attachment; if the plaintiff succeeds, judgment is to be given
in his favor for the amount of rent due him, and if the defendant has
been served with process or appears to the action, such judgment is to
have the same force and effect as in suits commenced by summons.

Distress for Rent.—Appeal from the Superior Court of Cook County.
Heard in the Branch Appellate Court at the October term, 1899.
Reversed and remanded.    Opinion filed November 8, 1900.

SAMUEL J. HOWE, attorney for appellant.

ARNOLD HEAP, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This was a proceeding by distress for rent. We may assume that a case under the distraint proceedings was not made out. But even though such be conceded, we are unable to find in the record any reason why the case should have been taken from the jury by a peremptory instruction at the close of plaintiff's case, to find the issue for the defendant, appellee. Our statutes provide that proceedings in distress cases, after the filing with the justice of the copy of the distress warrant and inventory, and issuance of summons, shall " proceed in the same manner as in case of attachment," and that if the plaintiff succeed, " judgment shall be given in his favor for the amount which shall appear to be due him," and that if defendant has been served with process or appears to the action, such general judgment " shall have the same force and effect as in suits commenced by summons," etc. (Sections 20, 22 and 23, Ch. 80 R. S., entitled Landlord and Tenant.) Here the appellee personally appeared and defended on the merits. Appellant was entitled to have a general judgment against appellee if anything was due her. Holley v. Metcalf, 12 Ill. App. 141; Poppers v. Meager, 33 Ill. App. 20.

It does not appear upon what theory the trial court excluded evidence of the amount of rent that was due from appellee to the appellant, and took the case from the jury. It may be that because a case was not made that would sustain the distress levy, the court thought that no general judgment could be had.

But the statutes seem to provide for just such a case. The judgment will have to be reversed and the cause remanded.