### George F. Lord v. Thomas O. Johnson.

1. LANDLORD AND TENANT ACT—*sections 29 and 31 not construed together.* Sections 29 and 31 of the Landlord and Tenant Act are separate and distinct and should not be construed together.

2. DISTRESS FOR RENT—*when does not lie.* A distress for rent does not lie to enforce the lien for rent given by section 31 of the Landlord and Tenant Act.

3. DISTRESS FOR RENT—*when does not lie.* The remedy by distress is not available to recover damages for the breach of general covenants in a lease.

4. THEORY OF RECOVERY—*when waived.* Where the counsel for the plaintiff specifically withdraws from the jury a particular theory of recovery, he may not thereafter urge the same.

Distress for rent. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

LILLARD & WILLIAMS, for appellant.

CHARLES I. WIEL, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a distress for rent proceeding instituted by appellant against appellee in the County Court of McLean County. The venue was changed to the Circuit Court, where a trial was had before a jury, and a verdict rendered, by direction of the court, in favor of appellee. The court entered judgment upon the verdict and this appeal followed.

Appellee was a tenant of appellant under a written lease providing for the payment of an annual rental of one-half of all the oats, corn or other grain, delivered, threshed or shelled free of any expense, and $81 for pasture land. Covenants in the lease required appellee, among other things, to cultivate properly and care for hedges on the farm; to mow the weeds before going to seed, along and under all fences; not to allow any cockle-burs or butter-prints to grow on the land and to distribute all manure upon the premises as appellant might direct. The distress warrant was issued and levied for the recovery of $150, being the amount claimed to be due to appellant "on the first day of March, 1903, for rent and damages for non-fulfillment of the terms of the lease." There was personal service of summons upon appellee and a plea by him to the merits of the action.

The action of the court in giving peremptory instruction is assailed upon two grounds: first, that appellant was authorized to distrain for the amount of damages as rent, which the evidence might show he had sustained by the failure of appellee to fulfill the covenants in the lease; and second, that regardless of the distress issue, appellant had, under the plea of appellee to the merits, a clear right to a general judgment against appellee for anything that might be shown to be due appellant under the terms and covenants of the lease. Upon the trial there was evidence tending to show that there was due to appellant from appellee, as rent, twelve bushels of corn. Appellant then offered to show that appellee had failed to perform certain covenants in the lease hereinbefore mentioned, together with the value of the labor necessary to perform such covenants, claimed by appellant to amount in the aggregate to $150. The court rejected the offer upon the grounds that the performance by appellee of such covenants in the lease could not properly be denominated rent; that appellant's right to distrain was limited to rent due and could not be extended to enforce the performance of the covenants involved. Counsel for appellant thereupon withdrew from the record

the evidence as to the corn rent then due, and all claim therefor, and stated to the court as his reasons for so doing that he desired a clean-cut issue upon the point raised.

It is insisted by appellant that the covenants in the lease here involved, to be performed by appellee, are to be regarded as rent, and that by express provisions of sections 29 and 31 of the act entitled Landlord and Tenant, distress is available as a remedy to recover damages, as rent, for a breach of such covenants. The sections of the statute referred to are as follows :

Section 29. "When the rent is payable wholly or in part in specific articles of property or products of the premises, or labor, the landlord may distrain for the value of such articles, products or labor."

Section 31. "Every landlord shall have a lien upon the crops grown or growing upon the demised premises for the rent thereof, whether the same is payable wholly or in part in money or specific articles of property or products of the premises, or labor, and also for the faithful performance of the terms of the lease. Such lien shall continue for the period of six months after the expiration of the term for which the premises were demised."

The sections quoted relate to distinct and separate subjects and bear no necessary relation to each other.

By section 29 a landlord is authorized to distrain for rent only, and by section 31 a landlord is given a lien upon crops grown or growing for rent, and for the faithful performance by the tenant of the terms of the lease. The lien created by section 31 is not enforceable by distress.

By the terms of the lease in this case, the only agreement as to rent is, that appellee shall deliver to appellant, threshed or shelled and free of expense, one-half of all grain, and pay $81 for the pasture land. The covenants above enumerated, and here involved, are not to be performed, in any sense as rent, but are simply such covenants as are usually imposed upon a tenant of farm lands to insure good husbandry.

It has been uniformly held in this State, that distress will only lie for rent fixed and certain, and is not available as a remedy to recover damages for the breach of general

covenants in a lease. Marr v. Ray, 151 Ill. 340; Craig v. Merime, 16 Ill. App. 214; Tanton v. Boomgaarden, 89 Ill. App. 500.

It is contended by appellant, that notwithstanding he may not have been authorized to distrain for a breach of the covenants mentioned, yet appellee having been served with process and having pleaded to the merits, he was entitled to a general judgment against appellee for what might be shown to be due him, and Wiemerslage v. Zulk, 91 Ill. App. 574, is cited in support of such contention. We are clearly of opinion that appellant is precluded, by the statement of his counsel to the court and the withdrawal from the consideration of the jury of the evidence of the amount of corn due as rent, from now urging such contention. The trial court was justified, by such statement and action of appellant's counsel, in concluding that the only questions presented for his determination, were whether the covenants mentioned could be treated as rent and whether distress was a proper remedy for a breach of such covenants. Appellant rested his case solely upon the determination of those questions and must abide the result. A party may not upon appeal, shift his position so as to gain a point, which, by necessary implication, was expressly waived in the trial court. The judgment is affirmed.

*Affirmed.*