## W. D. Johnson, Administrator, Appellee, v. J. Wallace Johnson, Appellant.

1. PLEADING—*what general issue admits.* The averments of the declaration as to the possession and operation of the instrumentalities are mere matters of inducement unless they are denied by a special plea.

2. EVIDENCE—*when considered notwithstanding inadmissible under pleadings.* If evidence denying the operation of the instrumentality which caused the injury complained of is received without objection in the trial court, such evidence will be considered on review as a party is not permitted to try a case upon one theory in the lower court and seek to have the judgment of such lower court reviewed upon a different theory.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of McLean county; the HON. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Reversed. Opinion filed December 13, 1911.

BRACKEN & YOUNG and BARRY & MORRISSEY, for appellant.

DEMANGE, GILLESPIE & DEMANGE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case brought by W. D. Johnson, administrator of the estate of Fred Johnson, deceased, against J. Wallace Johnson, to recover damages for the death of deceased. The declaration contains three counts. The first count avers that on December 21, 1908, the defendant was in possession of an automobile; that he by his servant was running and operating said automobile along Main street in the city of Bloomington, at a speed greater than was reasonable having regard to the traffic, and use of said street, and in a manner dangerous to the life of said Fred Johnson, by reason whereof the intestate, while crossing said street in the exercise of due care and caution, was struck by said automobile and killed. The second count avers in addition to the averments of the first count, that the automobile was operated at a speed exceeding one mile in six minutes on Main street through a closely built up portion of said city. The third count contains the further averment that the automobile was so operated close to surreys and vehicles standing adjacent to the curb of said street. The only plea was the general issue.

The case was tried twice before a jury. The first jury disagreed; the second returned a verdict for plaintiff assessing the damages at $500, on which judgment was rendered. The defendant appeals.

The principal contention of appellant is that the automobile, which was not operated by appellee himself or in his presence, was not operated at the time of the accident either by any employe or agent of appellant or by any one acting within the scope of such an agency.

The evidence shows that appellant is a farmer living on a farm near Bloomington; that his son Roy twenty-six years of age, resides with him; that Roy desired to procure the agency for the sale of the Kissel

automobile; that the appellant and his son went to Chicago to procure such agency for the son, but that there being an agent for that car in Bloomington, they could not get it and that the son did procure an agency for the Austin automobile conditional upon his obtaining a car for demonstration. The appellant bought a ninety horse power Austin car which was shipped to him and arrived in Bloomington, on December 21, 1908. On that day appellant and his son took the automobile from a freight car and appellant placed it in charge of his son. Roy with other companions operated it on Main street, which is a north and south street, and about the city. On the afternoon of that day Roy Johnson and Rupert Rayburn, an experienced chauffeur, running the car and while the machine was being operated north on Main street by Rayburn, Roy Johnson occupying the seat by the side of the chauffeur, Fred Johnson, a boy ten years of age, engaged in selling newspapers, started across that street, near the center of a business block, just north of a surrey standing on the east side of the street, and when he emerged from behind the surrey he was struck by the automobile and so injured that he died. Appellee offered evidence in the case in chief showing that appellant bought the machine, and some evidence tending to show that the machine was being operated for him at that time in order to test or work off the stiffness of the new machine.

The proof is by a clear preponderance of the evidence that appellant, while he expected that he and members of his family would ride in the machine at times, yet he bought it for his son to use as a demonstrating machine in running the agency for the sale of Austin automobiles; that he turned the machine over to his son; that at the time of the accident Roy had a number of his friends in the machine giving them a ride to show it to them; that appellant had no interest in the agency or the profits arising from any sales and

that the party in the machine were at the instance of
Roy, taking a ride for pleasure without the knowledge
of appellant.

The evidence offered by appellant clearly shows that
appellant was not operating the machine, and that it
was not being operated at the time of the accident by
any agent of his. This evidence was all admitted with-
out objection on the part of appellee and in contradic-
tion to the claim of appellee that appellee's evidence
showed that Roy was the agent of his father in running
the automobile. The second instruction given at the
request of the appellee told the jury that if they believ-
ed from a preponderance of the evidence that the de-
fendant by his agent acting within the scope of his
authority and in furtherance of the purposes, if any,
for which it appeared from the evidence the defendant
entrusted him with the automobile, drove the automo-
bile along the streets of Bloomington at a speed ex-
ceeding one mile in six minutes and in consequence
thereof, Fred Johnson lost his life, then under the law
plaintiff has made out a *prima facie* case against de-
fendant. The third and fourth are also of the same
tenor. Instructions were also given on behalf of de-
fendant concerning the same proposition.

Appellee now contends that in cases of this nature,
the averment that the machine was operated by an
agent of defendant is mere inducement, and can only
be put in issue by a special plea and is admitted where
the general issue is the only plea. That is the rule
of law in this state, where the plaintiff has not in some
manner waived the necessity of filing such special plea.

The general issue admits the operation and control
of the automobile by appellant. Whatever the rule at
common law, and the rule established by the earlier
decisions in this state may be, the rule as now estab-
lished by a long line of decisions is, that the general
issue admits the operation and control of the instru-
mentalities which caused the injury, and this is a mat-

ter *stare decisis* regardless of the original ruling in that regard. The averments of the declaration as to the possession and operation of the instrumentalities are mere matters of inducement unless they are denied by a special plea. McNulta v. Lockridge, 137 Ill. 270; Chicago Union Traction Co. v. Jerka, 227 Ill. 95; Pennsylvania Ry. Co. v. Chapman, 220 Ill. 428; Pell v. Joliet, Plainfield and Aurora R. R. Co., 238 Ill. 510; Winn v. C. C. C. & St. L. Ry. Co., 239 Ill. 132; Brunhild v. Chicago U. Tr. Co., 239 Ill. 621; Chicago City Ry. Co. v. Carroll, 206 Ill. 318; Gould v. Aurora, Elgin & Chicago Ry. Co., 141 Ill. App. 344; Carr v. U. S. Silica Co., 153 Ill. App. 511; Presley v. Kinlock-Bloomington Tel. Co., 158 Ill. App. 220.

The appellee in his declaration averred that the automobile was operated at the time of the accident by the servant of appellant. He offered proof on the trial in making out his case in chief tending to prove such averment. He made no objection to evidence offered by appellant on that question, and offered and had given instructions telling the jury that if they believed appellant had proved by a preponderance of the evidence that the appellant, by his agent, acting within the scope of his authority, drove the automobile then the law is, etc. To permit a change of theory in a court of appeal would be to make a court of justice a trap and a snare. Where both parties at the *nisi prius* trial pursue the same methods of proof, and ask instructions which lay down the same propositions, they will not be permitted to adopt a different theory, even though that theory is not justified by the pleadings. Braidwood v. Weiller, 89 Ill. 606; Millers Nat. Ins. Co. v. Jackson Co. Milling Co., 60 Ill. App. 224; C. C. C. & St. L. Ry. Co. v. Stephens, 74 Ill. App. 586; Lord v. Johnson, 120 Ill. App. 55. "The theory of the action, which was adopted by the trial court with the acquiescence of all the parties, will govern in the appellate court for the purpose of review, unless the de-

mands of public policy interfere with the application of that rule.'' ''Where both parties give to a pleading the same construction at the trial that construction will be adopted by the appellate court.'' ''Where a cause has been tried upon the theory * * that a particular issue is made by the pleadings * * * the appellate court will proceed on the same theory.'' 21 Encyc. of Pl. & Pr. 664-666. Appellee having tried the case in the circuit court on the theory that the plea filed put in issue the question of agency, and that the burden was on him to sustain that fact, cannot be permitted to urge a different theory in this court.

The clear preponderance of the evidence showing that the automobile was not operated at the time of the accident by appellant or any employe or agent of his, the judgment cannot be sustained. It is therefore reversed with a finding of fact.

*Reversed.*

Finding of fact: The automobile that killed Fred Johnson was not being operated at the time of the accident by defendant or by any of his agents or employes.