## Anderson v. Bethel.

(Decided Dec. 16, 1932.)

590

ROUSE & PRICE for appellant.

ROGERS & ROGERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment sustaining a demurrer to, and dismissing, the petition.

The facts alleged in the petition are these: Margaret Anderson was the owner of certain real estate in Covington, which she leased to Leon Adams at a monthly rental of $175, payable in advance, and reserved in money. On June 13, 1929, the tenant was in arrears for the months of April, May, and June. On that day appellant procured a distress warrant signed by a justice of the peace for Kenton county, directed to the sheriff of that county, and commanding him to distrain so much of the personal estate of the tenant found in that county and not exempt from execution as would satisfy the rent amounting to $525, with interest from April 1, 1929, and the cost of the action. The distress warrant was delivered to the sheriff and executed by him on June 28, 1929, by levying upon certain personal property of the reasonable value of $1,000. On the same day Adams, the tenant, and P. L. Bethel as surety, executed and delivered to the sheriff a

bond by which they bound themselves to appellant in the sum of $1,050, that Adams "shall perform the judgment of the court in the above styled action, or that the property attached therein, or its value, shall be forth-coming and subject to the orders of the court." On the execution of the bond the sheriff put all the goods and chattels distrained in the possession of Adams, and thereafter made his return on the distress warrant, and returned the same, together with the bond to the clerk's office of the Kenton circuit court, where the proceeding was docketed under the style of Margaret Anderson, plaintiff, v. Leon Adams, defendant. Later on, after notice, plaintiff moved for a judgment on the bond, which motion was overruled. Later on appellant moved the court to require Bethel, the surety, to produce in court the property distrained and released by reason of the execution of the bond. To this motion Bethel objected, and the motion was overruled. The cost in the justice's court amounted to $4.35. By reason of the execution and delivery of the bond appellant was deprived of her right and privilege to have said property sold to satisfy her claim for rent of the premises, no part of which, or of the costs, had been paid. The petition concludes with a prayer for the rent, interest, and costs, and for all proper relief.

Though the bond taken is a forthcoming bond, and does not conform to the requirements of section 653, Civil Code of Practice, it is good as a common-law bond, and may be enforced as such. Roman v. Stratton, 2 Bibb, 199; Thompson v. Buckhannon, 2 J. J. Marsh. 416; Brown v. Miller, 3 J. J. Marsh. 435; Hanna v. McKenzie, 5 B. Mon. 314, 43 Am. Dec. 122; Cotton's Guardian v. Wolf, 14 Bush, 238; Clay's Adm'r v. Edwards' Trustee, 84 Ky. 548, 2 S. W. 147, 8 Ky. Law Rep. 559.

Not being good as a statutory bond, doubtless appellant might have demanded that the sheriff retake and sell the property distrained, Grubb v. McCoy, 2 Metc. 486, but that remedy is not exclusive. She had the right to rely on the bond actually given, and appellee, who signed the bond and thereby procured the release of the property distrained, cannot defend on the ground that appellant should have adopted that remedy.

As the bond does not conform to the statute, it is true, as claimed by appellee, that appellant could not

proceed by motion to recover judgment on the bond. Grubb v. McCoy, supra. That being true it was necessary for appellant to proceed by action on the bond, and the question for decision is, whether the facts alleged are sufficient to show a breach of the bond. Appellee insists that it was necessary to allege that there had been a judgment for the rent against the tenant, and an order sustaining the attachment, or that an order for the forthcoming of the property had been disobeyed. Though the bond is the one usually given for the release of property attached, section 214, Civil Code of Practice, its legal effect must be determined by the character of the proceeding in which it was given. Under our statute rent may be recovered by distress, attachment, or action. Section 2299, Ky. Stats. Appellant did not proceed by attachment or action, but proceeded by distress. By virtue of statute in some states a distress proceeding on the return of the distress warrant to a justice of the peace or a court of record becomes an action for rent (Bartlett v. Sullivan, 87 Ill. 219; Cox v. Jordan, 86 Ill. 560), and proceeds in the same manner as an ordinary attachment (Holley v. Metcalf, 12 Ill. App. 141; Rauh v. Ritchie, 1 Ill. App. 188). In other states a distress warrant is final process until arrested by counteraffidavit or replevin bond, but if the tenant files a counteraffidavit and replevies the property on bond, the warrant becomes mesne process, and the proceeding is converted into an ordinary action for rent. Ayers v. Claridy, 149 Ga. 498, 101 S. E. 292; Hardy v. Poss, 120 Ga. 385, 47 S. E. 947. In this state we have no statutes of similar effect. The affidavit and warrant are the basis of the proceedings. Unless the property distrained is released by bond, the sheriff must sell. If the bond required by the Code be given, the landlord may proceed by motion against the obligors on the bond, who may make any available defense. Thus the situation is one where no judgment for rent is contemplated, and none need be rendered. That being true, obtention of a judgment for rent is not a prerequisite to an action on the bond, and the obligors cannot complain that none was obtained. Nor was it necessary that the attachment be sustained before suit could be brought for the very simple reason that there was no attachment to sustain. We therefore conclude that the petition was not demurrable because of its failure to allege that a judg-

ment for the rent had been obtained, or that the attachment had been sustained. We come then to the real obligation of the bond, which was that the property or its value should be forthcoming and subject to the orders of the court. The petition discloses that theretofore appellant had moved the court to require appellee as surety on the bond to produce in court the property distrained, but that appellee resisted the motion and the motion was overruled. Whether appellant could have proceeded by motion to require the production of the distrained property, we need not determine. It is sufficient to say that the petition makes it plain that the property distrained had been turned over to the tenant, and that appellee was resisting its production. In short, the petition, in the absence of a valid defense, was sufficient to show that appellee had breached the condition of the bond, and that appellant was entitled to an order of court requiring appellee to produce the property, or to account for its value to the extent of appellant's claim. Bland v. Creager, 13 B. Mon. 509.

It follows that the demurrer to the petition should have been overruled.

Judgment reversed, and cause remanded for proceedings consistent with this opinion. Whole court sitting.