## B. OSWALD

## v.

## JOHN MOLLET.

*Landlord and Tenant—Distress for Rent—Attornment—Parol—Assignment of Lease.*

1. The delivery of a copy of a lease and the assignment of notes given by the lessee to secure rent thereunder, constitute a valid assignment of the lease where such is the intention of the parties.

2. Any act done by the tenant by which he recognizes a change of the person to whom the rent is due, is an attornment.

3. In the case presented, this court holds that an endeavor by a lessee to persuade the assignee of the lease to accept grain instead of cash rent, coupled with the remark that he was sorry he signed the notes to secure the payment of rent, but that they were "all right," amounted to an attornment.

[Opinion filed October 19, 1888.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. BURROUGH & WARNOCK, for appellant.

Messrs. DALE & BRADSHAW, for appellee.

REEVES, J. This was a proceeding by appellant in distress for rent. On the trial of the cause in the court below, this stipulation was made:

State of Illinois, )    In the Circuit Court, October term,
Madison County. }    A. D. 1887.
                *B. Oswald v. John Mollet—Appeal.*

It is stipulated and agreed that the following are all the facts in this case:

On the 1st day of June, 1886, Fridolin Oswald, being the owner of the real estate hereinafter described, leased to the defendant, by a proper instrument of writing, duly signed, sealed and delivered, the north half of the northeast quarter of section 33, and the east three-eighths of the south half of the southeast quarter of section 28, all in township 5 north, range 5 west of the third principal meridan, in Madison county, Illinois, for a term commencing on the 1st day of March, 1887, and ending on the 1st day of March, 1888, as to all of said premises not sown in small grain, and for all the said premises which should be sown in small grain said term was to extend from the 1st day of June, 1886, to the 1st day of June, 1888. That as rent for said premises, said Mollet agrees in said lease to pay to said Oswald the sum of $300, for which rent said Mollet executed and delivered to said Oswald his three certain promissory notes, bearing date June 1, 1888, due in one year, sixteen months and twenty-one months after

date, respectively, each for the principal sum of $100, and all payable to the order of said Oswald. That said lease was not made in duplicate; that the original lease, so executed as aforesaid, was, when so executed, delivered to said Mollet, in whose possession said lease has since remained, and that said Oswald retained a copy of said lease, which was not signed by said Mollet; that said Mollet took possession of said premises at the date of said lease, and has ever since continued in possession thereof; that in the latter part of September, 1886, said Fridolin Oswald duly assigned and delivered said notes to the plaintiff, B. Oswald, for a good and valuable consideration, and also delivered to him said copy of said lease, intending thereby to assign his interest in said original lease to him, the plaintiff; that in the early part of October, 1886, the plaintiff went to the defendant, John Mollet, and told him that said Fridolin Oswald had assigned and delivered to him said notes and lease for a valuable consideration, and told him he would now have to deal with and pay his rent to him, the said B. Oswald. That said defendant then told the plaintiff that he would prefer to pay one-third of the crops grown in lieu of money rent, but the plaintiff told him that he must pay the rent agreed upon and represented by the said notes, and the defendant told the plaintiff he was sorry he had signed the notes, but he had signed them and they were all right; that on the 26th day of July, 1880, and again on the 5th day of May, 1881, the said Fridolin Oswald, together with his wife, executed certain mortgage deeds to one John M. Kamm, to secure the payment of certain notes in said mortgages described; that said John M. Kamm afterward died, and one John J. Spindler qualified as his administrator; that in February, 1887, said John J. Spindler filed his bill in the Circuit Court of Madison county, Illinois, to foreclose said mortgages, and that at the March term, 1887, of said court, a decree of foreclosure was entered foreclosing said mortgages. Said mortgages and notes and decree in said cause are to be considered as offered in evidence in this cause, as are all the papers transmitted to this court from the justice court; that on June 7, 1887, said premises were sold under said decree of

foreclosure to Anna Suppiger for $3,100; that this plaintiff, B. Oswald, was not made a party defendant to said foreclosure suit, and neither was said John Mollet; that on the 16th day of December, 1886, the said F. Oswald made an assignment for the benefit of his creditors; that on the — day of ——, A. D. 1887, said premises were duly sold at assignee's sale to Catherine Kamm; that at said assignee's sale, before said premises were sold, the plaintiff publicly read the notice hereto attached and marked A, which reads as follows:

" All who may be concerned are hereby notified that prior to the making and executing of the deed of assignment of Fridolin Oswald to Frederick Lenscher, by virtue of which this sale is being conducted, I procured, for a valuable consideration, the assignment to me of the rent notes for, and the lease to, the north half of the northeast quarter of section 33, containing eighty acres; also the east three-eighths of the south half of the southeast quarter of section 28, containing 30 acres, all in township five north, range five, west of the third principal meridian, in Madison county, Illinois, and that I claim the rent of said premises for the crop year of 1886 and 1887, and any one purchasing at this sale will purchase subject to my claim for rent.

                              " BALZ OSWALD."

This stipulation states all the facts material in the consideration of the case. The only question for the court to determine is, whether appellant can sustain his action of distraint for rent; or, stated in another form, did the relation of landlord and tenant exist between appellant and appellee. We think the stipulated facts sufficiently show that there was an assignment of the lease to appellant. It is true that the assignment was by parol, but that does not detract from it, for it is well settled that such a lease may be assigned by parol, when the rights of the parties are such as the stipulation disclose them to be in this case.

The stipulation states that by the assignment of the notes and the delivery of a copy of the lease, Fridolin Oswald intended to assign his interest in the original lease to appellant.

Oswald v. Mollet.

If was not, therefore, simply an assignment of the rent, but an assignment of the lease that was intended. But this alone is not sufficient to create the relationship of landlord and tenant between appellant and appellee. There must also be an attornment by appellee. The English statute of 4 Anne, by which the necessity of attornment was abolished when there had been an assignment of the lease, has not been adopted in this State. Fisher v. Deering, 60 Ill. 114.

An attornment is a continuation of the existing lease upon the same conditions in all respects, simply putting another in the place of the original landlord. Austin v. Aheare, 61 N. Y. 6.

The stipulation recites that appellant, after he got the notes and copy of lease, went to appellee and told him that Fridolin Oswald, who had made the lease to appellee, had assigned and delivered to him the notes and lease for a valuable consideration, and that he (appellee) would now have to deal with and pay the rent to him, appellant. Appellee then told appellant that he would prefer to pay one-third of the crops grown on the land in lieu of money rent, but appellant replied that he must pay the rent agreed upon and represented by the notes. Appellee then said he was sorry that he had signed the notes, but that he had signed them, and they were all right.

This is the evidence upon which appellant predicates an attornment. It must be conceded, where the tenant pays rent to assignee of lease, this constitutes an attornment. Any act done by the tenant by which he recognizes a change of the person to whom the rent is due, is an attornment. An agreement to pay the rent to the assignee is such an act. Hayes v. Lawver, 83 Ill. 182.

The question remains, did what passed between appellant and appellee amount to an attornment. While the question is not free from doubt, it would seem that the negotiation on the part of appellee with appellant for a change of the rent from money rent to a share of the crops, and his declaration that the notes for the money rent were all right, after notice that the notes and lease had been assigned to appellant, was such a recognition of appellant as the person to whom the rent was due, as would amount to an attornment.

It is also urged that under the mortgage that was fore-closed on the leased premises, the rents of the land passed to the receiver appointed in that proceeding. It would seem to be a sufficient answer to this, that it does not appear that the receiver is making any claim to the rent. The same may be said in relation to the assignee under the general assignment made by Fridolin Oswald for the benefit of creditors.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*