# Barrett v. Trainor.

1. CHATTELS REAL—*Sale of Leasehold Estates on Execution.*—The sheriff takes no possession of the premises, on the sale of an interest in the realty.

2. CHATTELS REAL—*Unexpired Leases Subject to Execution Sale.*—Chattels real are subject to sale on execution under Sec. 40, Ch. 77, R. S.; and when the unexpired term does not exceed five years, the sale is without redemption.

3. FORCIBLE DETAINER—*Sale Under Execution.*—One entitled to possession under a sale upon execution may maintain forcible detainer under Clause 6, Sec. 2, Ch. 57, R. S.

4. LEASEHOLD ESTATES—*Assignments.*—An assignment of a leasehold estate need not be under seal.

**Memorandum.**—Forcible detainer. In the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Writ of error and motion for supersedeas. Heard in this court at the March term A. D. 1893. Motion denied. Opinion filed March 22, 1893.

The opinion states the case.

RICHOLSON, MATSON & PEASE, appellant's attorneys.

WINSTON & MEAGHER, appellee's attorneys.

OPINION OF THE COURT, GARY, P. J.

The defendant in error recovered against the plaintiff in error a judgment in forcible detainer which this writ of error is prosecuted to reverse.

The defendant in error claims under a sale by the sheriff on an execution issued upon a judgment against the plaintiff in error and another. A supersedeas is now applied for.

The sheriff takes no possession of the premises, on the sale of any interest in realty. Kile v. Giebner, 114 Pa. St. 381.

The subject of the sale here was an unexpired term of thirty months. Chattels real are subject to sale on execution (Sec. 40, Ch. 77, R. S.); and, when the unexpired term does not exceed five years, without redemption (Sec. 3).

One entitled to possession under a sale upon execution may maintain forcible detainer. Clause 6, Sec. 2, Ch. 57, R. S.

An estate for years under which the party is entitled to possession is sufficient. Ball v. Chadwick, 46 Ill. 28; Gazzolo v. Chambers, 73 Ill. 75.

The bill of sale by the sheriff to one Baeppler was of all the right, title and interest of the plaintiff in error, and the other defendant in the execution, in and to a certain lease of the first floor of a certain building, and Baeppler, by a bill of sale, transferred all his interest to the defendant in error.

There can be no doubt of the intent of these papers; they are not governed by any statute other than the statute of frauds; and an assignment of a leasehold estate need not be under seal. 2 Taylor, L. & T., Sec. 428.

There is no apparent error in the record and a supersedeas is denied.