## Julia Bourdereaux v. William Walker.

1. LANDLORD AND TENANT—*Surrender—Intention of the Parties.*— In order to effectuate a valid surrender of a lease by the lessee, there must be an acceptance by the lessor and an intention of both parties that it should have the effect of doing away with the existing contract.

**Covenant.**—Trial in the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

HAMMOND & WYETH, attorneys for appellant.

Where a lessee vacates or abandons premises, it is the duty of the lessor to take possession and re-rent the premises, and to diminish, as far as possible, the resulting damages on the failure of the tenant. And this is true, whether or not the lease itself contains any clause empowering the lessor so to take possession in the event of the lessee's deserting the premises and defaulting in rent. Humiston, etc., Co. v. Wheeler, 70 Ill. App. 349; Joslin v. McLean, 99 Mich. 480; Breuckmann v. Twibill, 89 Pa. St. 58; Pier v. Carr, 69 Pa. St. 326.

Payment by others than lessee is payment only.

There was a mere oral direction to pay rent. Such direction and the payment of any number of installments, short of all, is only a defense as payment to extent made. An assignment is to be distinguished from a surrender, and the original lessee is not released from his covenant. Bliss v. Gardner, 2 Ill. App. 422; Sexton v. Chicago Storage Co., 129 Ill. 318; Barnes v. Northern Trust Co., 169 Ill. 112.

A surrender can not be made by one party alone. Stobie v. Dills, 62 Ill. 432.

Where a lease under seal is in force and lessee allows another party to go in and take possession of the premises, a statement by the latter to the lessor that he would pay for the time there, is not a binding agreement and in no way varies or does away with the lease. Leavitt v. Stern, 55 Ill. App. 416; Alschuler v. Schiff, 164 Ill. 298.

If no express agreement, surrender will arise only on matters in the nature of estoppel. Barnes v. Northern Trust Co., 169 Ill. 112.

Surrender of lease under seal, by acts of parties or anything short of a writing under seal, rests on estoppel. Dills v. Stobie, 81 Ill. 202.

A parol agreement to surrender a sealed lease must be executed to be binding. Alschuler v. Schiff, 164 Ill. 298.

ARTHUR KEITHLEY, attorney for appellee.

Where, before the expiration of the term, the landlord, with the consent of the lessee, makes a new lease to a new person, who enters into possession and pays rent to the landlord, this will terminate the first lease, and from that time will bar a recovery of rent from the first lessee. Stobie v. Dills, 62 Ill. 432.

An agreement to release the original lessee and accept another tenant in his stead need not necessarily be express, but may be inferred from the conduct of the parties. Fry v. Patridge, 73 Ill. 51.

Although premises may have been originally leased to one party, yet if another occupies half of them, and the lessor makes out and collects one-half of the rent of such other for a number of times, this will be a recognition of a separate tenancy. The question of a release of the original tenant and acceptance of another for a distinct part of the premises is one of fact. Fry v. Patridge, 73 Ill. 51.

Where it is mutually agreed between parties that a lease shall be surrendered, and a new one is thereupon made with another party, and the landlord accepts the new party as his tenant, this will estop the landlord from afterward denying the surrender of the first lease, notwithstanding it was in writing and under seal, and the agreement to surrender was verbal. Dills v. Stobie, 81 Ill. 202.

Where, by oral agreement between a landlord, his lessee and a third party, a new term is created in such party, who enters into possession and pays rent, which is accepted, under such substituted tenancy this will constitute a surren--

der of the lease by act and operation of law.   Wallace v.
Kennelly, 47 N. J. Law, 242.

One mode of creating a surrender, and perhaps the most
common one, is the acceptance by the landlord of a third
party as his tenant.   Levering v. Langley, 8 Minn. 107.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action of covenant by appellant against
appellee for failure to pay rent and surrender the premises
in as good condition as when received, in compliance with
the provisions of the lease made by appellee and his son,
dated June 1, 1892, for the term of five years from date, at
a rental of $3,000, payable in monthly installments of $50
each.   The son having died, this suit was brought against
appellee to recover for the last seven months of the term,
and for $5.60 damages to the premises.   It was admitted on
the trial the rent and damages above mentioned were
unpaid.   A trial by jury resulted in a verdict and judgment
against appellant from which he prosecutes this appeal, and
for reversal of such judgment insists the verdict is against
the evidence and the court gave improper instructions to the
jury.

It appears from the evidence that after the execution of
the lease it was assigned to Lydia Bradley by appellant as
further security upon a mortgage held by the former upon
the leased premises, and thereafter it remained in the hands
of Mrs. Bradley's agent, who attended to the collection of
the rents, and appellee was directed to pay the rent to him.
Appellee and son regularly thereafter paid the rent to the
agent of Mrs. Bradley until November 28, 1893, when he
retired from business, being succeeded by another son and
William Wookey, who occupied the premises and paid rent
to Mrs. Bradley's agent until February 10, 1896, when they
made a voluntary assignment for the benefit of creditors,
after which the assignee remained in the premises, and paid
the rent to the same agent until August 10, 1896.   At the
latter date the property was sold to Augerson & Bohman
by Wookey, or the assignee, who, by the consent of the same

agent, occupied the premises and paid the rent for two months, after which the premises were vacant, although they had been advertised for rent by the agent of Mrs. Bradley.

The appellee insists that after he quit, the acceptance of other tenants and the receipt of rent from their hands by Mrs. Bradley, operated as a surrender of the former lease. Upon this theory of the defense, at the request of the appellee, the court gave to the jury the following instruction : " If the jury believe from the evidence that after the defendants went into possession of the premises described in the lease in suit, the plaintiff, either in person or by her agent, made a new lease to said premises, either in writing or verbally, to another person, and that thereupon such other person went into possession of said premises, and paid the plaintiff rent therefor, then this will amount to a surrender by the defendant and an acceptance by the landlord of said premises, and in such case your verdict should be for the defendants, provided you believe from the evidence that the defendants at the time thereof consented to and acquiesced in such acts by the plaintiff." This instruction, in our opinion, can not be maintained. If the jury believed the evidence proved the facts recited in the instruction, which they probably did, we do not think such facts would constitute a surrender by the appellee and an acceptance by the appellant, without proof, also, of an intention of both parties that such actions should have the effect of doing away with the existing contract. It is true such intention of the parties might be inferred from facts and circumstances proved at the trial, direct evidence not being indispensable, but the instruction entirely ignores the question. Besides there appears to be no evidence that Walker himself had any intentions concerning the subject of his contract, for he gave it no attention whatever and was apparently unconcerned regarding it.

For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.