## Julia Bordereaux v. William Walker.

1. RENTS—*Pass by Assignment of the Lease.*—The legal title to rents to accrue passes by the assignment of the lease, and the lessor can not be reinvested therewith by a mere oral agreement between him and the assignee, or by a mere redelivery of the manual possession of the lease.

2. ATTORNMENT—*Unnecessary Under the Statute.*—An attornment is unnecessary under Section 14 of Chapter 80, R. S., entitled "Landlord and Tenant" (Hurd's Statutes 1899, 1093).

3. PLEADINGS—*Payment of Rent to an Assignee.*—In an action for rent by a lessor, a plea of payment of rent by the tenant to the assignee of the lessor, which does not aver that the rent sued for accrued after the assignment of the lease, is bad on demurrer.

4. LEASE—*Assignment of the Term Does Not Affect the Reversion.*— Where the assignment of a lease by the lessor is only of the term, the rights of the assignee do not extend beyond the term. The reversion is not assigned, and the assignee has no right to a return of the premises. The right of action for breach of the covenant to return in good condition remains in the owner of the reversion.

Covenant, for rent. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed October 12, 1899.

HAMMOND & WYETH, attorneys for appellant, contended that the demurrer should have been carried back and sustained to the plea, as the plea was not good.

It does not aver that the alleged assignee continued to hold as assignee when suit was brought. *Non constat* that the lease was delivered back or assignment terminated. Dodd v. Noble, 5 Blackf. (Ind.) 30.

It does not ever an attornment. It simply alleges that rent was collected by the assignor and paid to him. Attornment is payment with certain knowledge and intention to accept another as landlord. Without attornment, the rights of original lessor are not ended. Fisher v. Deering, 60 Ill. 114.

The statute of Landlord and Tenant, Section 14, Chapter 80, R. S., gives an assignee or grantee of lessor certain rights

of action, without requiring attornment.   But this section does not pretend to abolish, nor has it been held that it does away with, the right of action of covenant in the original lessor.   It simply adds new rights of action.

Assignee of lessee is liable in debt or assumpsit, but the original lessee is still liable in covenant.   Mutuality of contract rights and of actions is the rule.   Murr v. Glover, 34 Ill. App. 373;  Sexton v. Chicago Storage Co., 129 Ill. 318.

The declaration counts also on a breach of covenant to restore the premises in as good condition, etc.   The plea disregards this.   If this part of the lease is unassignable without the reversion, all is unassignable, and rights are not to be split up.   The reversion was not assigned.   Potter v. Gronbeck, 117 Ill. 404.

The lessor, the owner of the property, is the only one interested in the delivery up of the premises at the end of the term.   Assignment of all interest does not affect that right.   Hansen v. Meyers, 81 Ill. 321.

ARTHUR KEITHLEY, attorney for appellee.

Rent in arrear is a mere chose in action, and not assignable so as to give an action in the name of the assignee; but if not severed, rent to accrue follows the reversion as an incident into hands of the assignee, even to a purchaser at a sheriff's sale; nor will the promise of the lessee to pay the assignor carry any right of action.   Taylor's Landlord and Tenant, Sec. 447.

Rents in arrear are not assignable, nor is money due for use and occupation.   The sale of the fee carries with it rents to fall due, or that may subsequently accrue under any lease, unless reserved, but not rents already accrued.   Kennedy v. Kennedy, 66 Ill. 190.

The assignee of rent to become due may maintain an action therefor in his own name.   Wineman v. Hughson, 44 Ill. App. 22.

Where rent has been legally assigned, the assignee may recover it without notice of the assignment to the lessee, unless the rent has been paid to the lessor, in which case

such payment may be shown as matter of defense. Wineman v. Hughson, 44 Ill. App. 22.

The enactment of Sec. 14, Chap. 80, R. S., dispenses with the necessity of an attornment, and abrogates the rule announced in Fisher v. Deering, 60 Ill. 114. Howland v. White, 48. Ill. App. 237.

MR. JUSTICE DIBELL delivered the opinion of the court.

This case was before us in Bordereaux v. Walker, 78 Ill. App. 63. After the cause was re-docketed in the court below, defendant, William Walker, filed an additional plea. Plaintiff filed three replications thereto, and afterward withdrew the first. Said defendant demurred to the second and third replications. The court sustained the demurrer. Plaintiff elected to abide by said second and third replications, and the court entered judgment for defendant in bar of the action and for costs. Plaintiff appeals. James W. Walker was named as co-defendant in the declaration, but no action was taken with reference to him, and we assume he was not served, and that the judgment in favor of William Walker is a final disposition of the case below.

The declaration, which contained but one count, was for rent of a building in arrear upon a lease under seal, and for damages for breach of a covenant therein to yield up the premises at the expiration of the term in as good condition as when received, loss by fire or inevitable accident and ordinary wear excepted. It charged that the rent for certain months was due and unpaid, and that defendant yielded up possession with sash broken, and lights in certain windows in said premises broken and destroyed, of the value of $10, and that said sash and lights were in good condition when taken by defendant.

The additional plea was in its commencement and conclusion in bar of the whole cause of action stated in the declaration. It sets up that after said lease was executed plaintiff, for a valuable consideration and under her hand and seal, assigned said lease and all the rents to accrue thereon during the term to Lydia Bradley, and delivered said lease so

assigned to Lydia Bradley, who then and there accepted it from the plaintiff; that by virtue of said assignment said Lydia Bradley became the owner of and continued to own and hold said leasehold estate till after the term mentioned in said lease had expired; and that she collected of the lessees, and they and their assigns and sub-lessees paid to said Lydia Bradley all the rents accruing upon said lease up to the default alleged in the declaration; wherefore the title to said lease and the right of action thereon was and is by such assignment transferred out of the plaintiff and into Lydia Bradley.

The second replication was that after said assignment to Lydia Bradley, and before the commencement of this suit, by agreement between said Lydia Bradley and plaintiff, said assignment was annulled and said writing obligatory re-assigned to plaintiff, " by delivery thereof by said Lydia Bradley to the plaintiff," and that plaintiff thereafter and hitherto possessed the same as her own. The third replication was that at the time of the assignment it was verbally agreed between plaintiff and Lydia Bradley that said assignment was for the security of Lydia Bradley, and for Lydia Bradley to collect the rents under the lease and apply them upon an indebtedness owing by plaintiff to Lydia Bradley; and that before the commencement of this suit Lydia Bradley, by oral agreement with plaintiff, redelivered said lease to plaintiff for plaintiff's own use and as plaintiff's own property, and that Lydia Bradley thence had no interest in said lease.

First. We hold the legal title to rents thereafter to accrue passed to Lydia Bradley by the assignment (R. S., Chap. 80, Sec. 14), and that plaintiff could not be reinvested therewith by mere oral agreement between the lessor and the assignee, or by mere redelivery of the manual possession of the lease to the lessor, or by both.

Second. The plea is not subject to the objection that it does not aver an attornment, for an attornment is unnecessary under our statute above cited. (Barnes v. Northern Trust Co., 169 Ill. 112.) The plea also avers payment of

rent by the tenant to the assignee of the lessor, and such payment is an attornment. (Fisher v. Deering, 60 Ill. 114; Oswald v. Mollett, 29 Ill. App. 449.)

Third. The plea is bad in not averring the rent sued for accrued after the assignment. If it accrued before, it did not pass by the assignment.

Fourth. The plea is bad in not answering the breach of the covenant to return the premises in as good condition as when received, loss by fire or inevitable accident and ordinary wear excepted. As the assignment was only of the term, the rights of the assignee of the lessor did not extend beyond the term. The reversion was not assigned. The assignee of the lessor has no right to a return of the premises. Therefore the right of action for breach of the covenant to return in good condition remained in the lessor, the owner of the reversion. The plea, while professing to answer the whole declaration, does not traverse or confess and avoid the breach alleged, of failure to return in good condition.

For these reasons the demurrer to the replications should have been carried back and sustained to the plea. The judgment is reversed and the cause remanded.