## Lydia Bradley v. William Walker.

1. LEASE—*Mere Acceptance of Rent from an Assignee Does Not Discharge the Lessee.*—Where there is an express covenant to pay rent for a term of years, the mere acceptance of rent by the lessor from an assignee of the lessee does not discharge the lessee. The contract of the

latter continues in force, notwithstanding he may have parted with his interest in the estate, unless the lessor enters into a stipulation with the assignee to accept him as sole tenant and absolve the original lessee.

2. LANDLORD AND TENANT—*What Does Not Discharge the Lessee from His Covenant to Pay Rent.*—An assignment of a lease by the lessee does not discharge either the lessee or his surety from its covenants. It does not have this effect even when the lessor recognizes the assignment by the acceptance of rent from the assignee.

3. SAME—*When the Lessor May Re-rent the Premises.*—Where the premises are abandoned by the lessee, without the fault of the lessor, the latter may re-enter and re-rent the same, crediting the former tenant with the proceeds; and his so taking possession does not relieve the tenant from his liability for the stipulated rent.

Assumpsit, for rents. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed February 13, 1901.

HAMMOND & WYETH, attorneys for appellant.

ARTHUR KEITHLEY, attorney for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit brought by appellant against appellee to recover rent for a store building in the city of Peoria, from August 10, 1896, to June 1, 1897, at the rate of $50 a month. The declaration contained the common counts, and a special count on the lease of said premises from June 1, 1892, to June 1, 1897, executed by Julie Bourdereaux as lessor and William Walker & Son as lessees, which had been duly assigned by the lessor to the appellant. Appellee filed the general issue and special pleas, setting up a surrender of the lease by appellant. The case was tried by a jury, which rendered a verdict in favor of appellee, upon which judgment was entered by the court. A motion for new trial was overruled and an exception preserved.

This lease has been before this court on two former occasions in the case of Bourdereaux v. Walker, 78 Ill. App. 63, and again under the same title in 85 Ill. App. 86. The case was reversed on both occasions, but in neither instance was the decision such as to determine the question presented

upon the evidence produced upon this trial. The evidence shows that the lease in question was under seal and was duly assigned by the lessor, under her hand and seal, to appellant, on August 5, 1892. William Walker & Son, the lessees named in the lease, occupied the premises with their stock of goods until November 28, 1893, when appellee, William Walker, sold out to William T. Wookey, and the business was then continued by the firm of Walker & Wookey, the former being the son of said William Walker and one of the original lessees. This firm continued to occupy the premises until February 10, 1896, when they made an assignment for the benefit of their creditors to Jonathan Masker, who took possession of the stock and occupied the building until June 10, 1896. Masker was succeeded in possession of the premises by Augerson & Bohanan, who paid rent until October 10, 1896, about which time they abandoned the premises, except for some store fixtures left by them in the basement for about thirty days. After the firm left, the premises had no other tenants during the remainder of the time covered by the lease. While the premises were occupied by the several parties named, the rent was paid to W. W. Hammond, who was appellant's general agent and the manager of her business property, and receipted for by him in her name. When Augerson & Bohanan were about to leave the premises they put up a sign at the request of Hammond showing that the premises were for rent. When this case was first before this court, as reported in Bourdereaux v. Walker, 78 Ill. App. 63, we there said, in discussing an instruction given on behalf of appellee, " if the jury believed the evidence proved the facts recited in the instruction, which they probably did, we do not think such facts would constitute a surrender by the appellee and an acceptance by the appellant, without proof also of an intention of both parties that such actions should have the effect of doing away with the existing contract." The evidence in this case does not show any arrangement or agreement whatever between appellant and appellee that the lease was to be surrendered. It is true that after appel-

lee sold out, those who succeeded in the occupancy of the
building paid the rent to Hammond for appellant, but there
is nothing in the evidence to show that at the time of any
of these changes of occupancy, either appellant or her agent
was informed that a change was to be made, or that either
one of them was in any manner consulted.

In order to show an intention to surrender the lease on
his part, appellee was permitted to testify, " I told my son
to have me released and I supposed he had done it." The
court announced that this evidence was admitted for the
limited purpose of showing that the witness was assenting
to any release that was given, but not as evidence of the
fact that there was any release, and should not be consid-
ered by the jury for that purpose. The admission of this
testimony was at least of very doubtful propriety, espe-
cially in view of the fact that it was followed by no proof
that the son complied with the request or took any action
in reference thereto. The fact that appellant, through her
agent, accepted rent from others than the lessees, so long
as the premises were occupied, does not of itself constitute
a surrender of the lease. In Grommes v. St. Paul Trust
Co., 147 Ill. 634, the following language is used upon this
subject:

" Where there is an express covenant to pay rent for a
term of years, the mere acceptance of rent by the lessor
from the assignee of the lessee does not discharge the
lessee. The contract of the latter continues in force, not-
withstanding he may have parted with his interest in the
estate, unless the lessor enters into such stipulation with the
assignee, as to accept him as sole tenant and absolve
the original lessee. If there be not a substitution of the
assignee in place of the original lessee, and a clear intent to
make a new contract with the former and to discharge the
latter from further liability under the lease, both will be
held liable to the lessor. Wood, in his work on Landlord
and Tenant, says ' An assignment of a lease by the lessee
does not discharge either the lessee or his surety from the
covenants. It does not have this effect even when the
lessor recognizes the assignment by accepting rent from
the assignee.' "

Nor does the further fact that appellant tried to re-rent

the premises when they were abandoned affect her right to recover from her lessee.

In Marshall v. Grosse Clothing Co., 184 Ill. 421, the doctrine is laid down that where the premises are abandoned by the lessee without fault of the lessor, the latter may re-enter and re-rent the premises; crediting the former tenant with the proceeds, and his so taking possession, does not relieve such tenant from liability for the stipulated rent.

For the reason that the proofs in this case failed to show a surrender of the lease the court should have sustained the motion for a new trial. The judgment is therefore reversed and the cause remanded for another trial. Reversed and remanded.