## Keeley Brewing Co. v. Henry B. Mason.

1. LEASE—*Right of Assignee to Distrain for Rent.*—The assignment of a lease by the lessor, gives to the assignee the same right to distrain for rent that the lessor had previous to the assignment.

2. SAME—*Sufficiency of an Assignment.*—An assignment of a lease by the lessor of all his " right, title and interest in and to " the lease is ample and sufficient to pass all his interest, not only to the premises demised, but also to the rents accruing under it.

3. SAME—*Assignment of a Sealed Lease by an Instrument Not Under Seal.*—A lease under seal may be assigned by an instrument not under seal, and such an assignment is in all respects sufficient to pass title to the assignee and gives him the same rights, by action or otherwise, that the original lessor had prior to the assignment.

4. DISTRESS FOR RENT—*Demand for Rent in Arrears Unnecessary.*— A demand before distress is unnecessary for rent in arrears.

**Distress,** for rent. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 5, 1902.

M. H. GUERIN, attorney for appellant.

MASON BROTHERS, attorneys for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

This suit was distress by appellee, assignee of the lessor in a lease, against appellant, the lessee, for a quarterly installment of rent due February 15, 1901. At the close of the plaintiff's evidence and again at the close of all the evidence, the court refused an instruction asked by the defendant to find the issues in its favor. The court also refused all instructions asked by defendant, directed a verdict for the plaintiff, which being rendered, judgment was entered thereon for $750, from which the defendant has appealed.

First, it is claimed that appellee is not such an assignee of the lease as to give him the right to sue thereon in his own name.

The lease was made January 13, 1893, by Virginia B. Holmes to appellant, of premises No. 4 Park Row, the term

being from February 15, 1893, to February 15, 1903, and the rent payable in quarterly installments of $750 each at appellant's office in Chicago, Illinois, on the 15th days of February, May, August and November in each year.

January 16, 1893, the lessor made an assignment of the lease, viz.:

"CHICAGO, ILL., Jan. 16, 1893.

For and in consideration of the sum of one ($1) dollar, to me in hand paid, receipt of which is hereby acknowledged, I hereby sell, assign and set over to Henry B. Mason all my right, title and interest in and to a certain indenture of lease between the Keeley Brewing Company and myself, dated Jan. 13, 1893, and authorize the said Henry B. Mason to collect the rents and receipt for the same.

VIRGINIA B. HOLMES."

At about or not far from the time said assignment was delivered, appellee also made and delivered an instrument, viz.:

" This is to certify that a certain lease from Virginia B. Holmes to Keeley Brewing Company of the premises number 4 Park Row, Chicago, dated January 13, 1893, expiring February 15, 1903, and calling for an annual rental of $3,000, has been assigned to me.    I assume no responsibility under said assignment except for the proper application of such rentals as may be paid to me under said lease in manner following:    Such rentals are to be applied, first, to the payment of my two and one-half per cent commission on such rentals as may be paid to me; second, to the payment of the principal and interest as they fall due on a first mortgage of $30,000 on said premises; third, to the payment of principal and interest as they fall due on a second incumbrance (trust deed) of $20,000 on said premises; said lease being so assigned to me primarily as security for said $30,000 incumbrance and secondarily as security for said $20,000 incumbrance.

Witness my hand and seal this 23d day of February, A. D. 1893.

HENRY B. MASON.    [SEAL.]"

By a warranty deed dated April 15, 1893, and recorded the 17th of the same month, said Holmes conveyed said premises to Harriet A. Sherman, and said Holmes thereafter made an assignment of said lease, viz.:

" CHICAGO, ILLINOIS, May 22, 1893.

For and in consideration of one ($1.00) dollar to me in hand paid, the receipt of which is hereby acknowledged, I hereby sell, assign and set over to Harriet A. Sherman all my right, title and interest in and to a certain indenture of lease from myself to the Keeley Brewing Company, dated January 13, 1893, subject, however, to the arrangement with Henry B. Mason evidenced by the following documents:   My assignment of this lease to him, dated January 16, 1893, and his statement, dated February 23, 1893.

Witness my hand and seal this 22d day of May, A. D. 1893.

VIRGINIA B. HOLMES.   [SEAL.]"

It is said that the instrument of January 16, 1893, does not purport, in its language, to be an assignment of anything but a " certain indenture of lease," describing it, and that this is not sufficient to pass any interest in the lands or to the rents accruing under the lease.   The language is, " All my right, title and interest in and to a certain indenture of lease."   We are of opinion this language is ample to pass all the interest of the lessor, to the extent of the lease, not only to the premises therein demised, but also to the rents accruing thereunder.   No authority in that regard is necessary, but a case in point is Barnes v. Northern Trust Co., 169 Ill. 112–15.

It is further claimed the assignment is invalid because not under seal.   The only case cited in support of this claim is an early one (Bridgham v. Tileston, 5 Allen (Mass.), 371), but this case is overruled by the later case of Sanders v. Partridge, 108 Mass. 556–8.   See also, to the contrary, 2 Taylor on L. & T., Secs. 427 and 428, note 2 (Ed. of 1887); Warren v. Leland, 2 Barbour, 613; Stillman v. Harvey, 47 Conn. 26; Barrett v. Trainor, 50 Ill. App. 420; Bondereaux v. Walker, 85 Ill. App. 86–8, and Barnes case, *supra*.

In this connection it is argued, and cases are cited in support, that this is an attempt to change or vary a sealed instrument by a writing not under seal, which the cases hold is not permissible.   Such is not this case.   The lease is in no way changed or varied by the assignment.

A further claim is that by the instrument of February

23, 1893, executed by Mason, it is shown that there was in fact no assignment, but a mere appointment of Mason as agent to collect the rents. We think it had no effect to change the legal rights, duties and obligations of appellant and appellee toward each other. The fact that Mason says thereby that he assumes no responsibility under the assignment except to apply the rents as specified, does not affect his duties and obligations to appellant as assignee of the lease. The statute (Hurd, Ch. 80, Sec. 14) gives appellant the same rights and remedies against Mason as assignee that appellant had against the original lessor. The assignment was complete by the first writing. Mason says in the second writing that the lease "has been assigned to me," which means that the act was accomplished when the latter writing was made. Moreover, the lessor, by her second assignment to Sherman, on May 22d, makes it subject to the assignment to Mason.

The assignment being in all respects sufficient to pass title to Mason, the statute as to Landlord and Tenant (Hurd, p. 977, Ch. 80, Sec. 14), gives him the same rights, by action or otherwise, that the original lessor had before the assignment. He could, therefore, sue in his own name.

But lastly, it is said there could be no distress because appellee did not make a demand for the rent at appellant's office, where it was payable by the terms of the lease. The authorities cited by appellant's counsel do not sustain him, conceding that the evidence, which is not very clear on the point, fails to show a demand was made before the distraint.

The rent was due on February 15, 1901, and was not paid. The distress warrant was levied the following day, February 16, 1901, when the rent was in arrear. The distraint was properly made at that time, and no previous demand was necessary. It was sufficient that the rent was in arrear. Sketoe v. Ellis, 14 Ill. 75; Bartlett v. Sullivan, 87 Ill. 219-21.

Moreover, the only plea of appellant was that it did not promise as complained against it, and was not indebted in any sum to plaintiff for rent. Appellant should not be

heard in this court so to claim a defense which it did not plead in the trial court.

Being of opinion that the learned trial judge properly directed the verdict, the judgment is affirmed.