## Keeley Brewing Company, a corporation, v. Henry B. Mason.

### Gen. No. 11,540.

1. RES JUDICATA—*when judgment in former case is.*  Where upon appeal in a former case brought for a prior installment of rent than that sued for in the second suit, the sufficiency of the assignment of the lease, which forms the basis of both suits, is determined upon substantially the same evidence, the decision and judgment in the first suit is as to such question *res judicata* in the second.

2. RES JUDICATA—*when judgment in former suit is not.*  When the cause of action in a second case is different from that of a former one between the same parties, the judgment in the first case is not *res judicata* as to the second unless it appears that the identical question raised in the latter suit was in fact adjudicated in the former.

3. RENTS—*right of mortgagor to recover.*  A mortgage as to strangers conveys merely an equitable title to the mortgagee and the mortgagor has the right, in the absence of sequestration by receivership, to sue for and recover rent of the mortgaged premises.

4. RENTS—*when, do not pass to trustee in bankruptcy.*  Rents do not pass to a trustee in bankruptcy where it appears that at the time of bankruptcy the same had not been collected, were not property which could have been transferred by the bankrupt, and which could not have been levied upon and sold under judicial process against him.

5. ULTRA VIRES—*when lease is not.*  Where a corporation organized, among other things, for the purpose of "buying and selling lager beer," leases premises and uses them in part, at least, for a saloon, the lease is not *ultra vires* and void, and may be made the basis of a recovery against it.

6. SUPPLEMENTAL ABSTRACT—*when cost of, not taxed against appellant.*  Notwithstanding a supplemental abstract may supply some matters not fully abstracted, yet where it was not necessary to a decision of the case, the cost thereof will not be taxed against the appellant.

Action of assumpsit.  Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Heard in this court at the October term, 1903.  Affirmed.  Opinion filed October 31, 1904.

SHRIMSKI, GUERIN, GOSS & SAMUELS, for appellant.

MASON BROTHERS, for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee brought assumpsit against appellant to recover an installment of rent, together with interest thereon, claimed to be due May 15, 1902, by appellant under a certain lease to it by Virginia B. Holmes, dated January 13, 1893, demising certain premises in Chicago from February 15, 1893, to February 15, 1903. A jury was waived, the court found the issues for the plaintiff, the appellee, and against the defendant, the appellant, assessed the damages at $789.17, and rendered judgment thereon, from which this appeal is taken.

Appellee recovered a judgment against appellant for a prior installment of rent on the same lease, which was before this court on a former appeal between the same parties (102 Ill. App. 381), in which we stated the facts appearing in this record, except as hereinafter stated. On that appeal the question of the sufficiency of an assignment of the lease in question to appellee was made, and determined by this court against appellant, the evidence in that record relating to this question being substantially the same as is here presented. The decision and judgment in that case on this point is *res judicata* in this case. Ry. Co. v. Carson, 169 Ill. 247–51; Baldwin v. Hanecy, 204 Ill. 281–8; *In re* North Western University, 206 Ill. 64; Stone v. Salisbury, 209 Ill. 65; Ward v. Johnson, 5 Brad. 30.

It is claimed for appellee that other questions raised upon this appeal, which will be hereinafter stated, might have been determined in said former suit, and that they too are *res judicata*. We think the contention is not tenable, for the reason that the cause of action in this case is a different one from that on the former appeal. When the cause of action in a second case is different from that of a previous suit between the same parties, the judgment in the former case is not *res judicata* unless it appears that the identical question raised in the latter suit was in fact adjudicated in the former. In the recent case of Stone v.

Salisbury, 209 Ill. 56–65, the Supreme Court, speaking on this question, say: "The distinction seems to be, that where the second suit is about the same matter or cause of action, then all matters that could have been, as well as all matters that actually were, put in issue and determined in the former suit are presumed to have been so put in issue, and as to them the rule applies; but when a second action is as to a different cause of action, or in reference to a different matter, or relating to different property, then the rule has no application, except as to such matters as were actually in litigation, and actually decided in the former proceedings relied upon as *res judicata*."

In the Carson case, *supra*, which was a suit for an installment of rent on a lease, it was claimed that a judgment in a former suit for another installment of rent on the same lease was *res judicata*, and it was so held, because the question presented in the second case was the same that was actually decided in the first. The court say, in discussing the rule: "Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered."

Appellant claims also that before the assignment to appellee by Holmes, she had previously disposed of her title by a mortgage to the Berkshire Life Insurance Co., by which she conveyed not only the fee simple title to the premises in question, but also expressly included therein "the rents, issues and profits thereof." A mortgage by Holmes to the Insurance Company was given prior to the assignment of the lease to appellee, but it appears that it was made to secure an indebtedness of $30,000 evidenced by a note of the same date, payable five years after its date. That such a mortgage does not, as to strangers, convey a legal, but merely an equitable title to the mortgagee, is well settled by the decisions. Even after foreclosure and pending redemption therefrom, the mortgagor is entitled to

the rents and profits unless a receiver is appointed to take them. Lightcap v. Bradley, 186 Ill. 510–19, and cases cited; Bradley v. Lightcap, 202 Ill. 154–65. This being so, the assignment of the rents to appellee had the effect of vesting in him the legal title thereto as against the Insurance Company, which only had an equitable title thereto as security for its debt.

It is also claimed that conceding appellee acquired an interest under said assignment in the rents, such interest was divested before this suit was brought, because it appears by an instrument executed by appellee under date of February 23, 1893, that he took said rents to be applied, first, to the payment of his commissions; second, to the payment of principal and interest upon a first mortgage of $30,000, and, third, to the payment of principal and interest on a second incumbrance on said premises of $20,000, which appears to have been released by a release deed to Holmes dated May 22, 1893. It appears from other evidence in the record that said first mortgage was to the Insurance Company above referred to, and that the second incumbrance was a trust deed to one Defrees. The release of the second incumbrance had no effect upon the assignment to appellee except to relieve him from the application of the rents in question toward its payment. He was bound, under the terms of the assignment, to still apply the rents collected from appellant toward the payment of the mortgage to the Insurance Company, and was not, by the release, divested of any interest held by him except as to the Defrees' incumbrance.

' A further contention is made that because it appears that appellee was adjudged a bankrupt on February 3, 1899, and his trustee in bankruptcy qualified the following May 12, that appellee's interests in the rents under the lease passed to said trustee in bankruptcy. This claim is based upon section 70 of the Federal Statute on Bankruptcy, which, as quoted in appellant's argument, is as follows: " The trustee of the estate of a bankrupt upon his appointment and qualification * * * shall be vested by oper-

ation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, * *. * to all * * * (3) powers which he might have exercised for his own benefit, * * * (5), property which, prior to the filing of the petition, he could by any means have transferred or which might have been levied upon and sold under judicial process against him." A reading of the section quoted shows plainly that the trustee in bankruptcy acquired no interest of appellee shown by this record. The section quoted only has reference to powers which the bankrupt might have exercised "for his own benefit," and to property which the bankrupt prior to the filing of his petition could have "transferred or which might have been levied upon and sold under judicial process against him." The evidence shows that appellee's only interest, although he held the legal title to the rents in question, was in his commissions when the rent should be collected and to apply the rents when collected to the payment of the mortgage to the Insurance Company. The evidence is that the rents have not yet been collected; they were not property which he could transfer, nor could they be levied upon and sold under judicial process against him, and therefore under the section cited nothing could pass to his trustee in bankruptcy.

It is also said that the lease in question was beyond the charter powers of appellant, is void and could not be made the basis of any recovery for the reason, as it is claimed, that the appellant, under its charter, had only power "to carry on the business of brewing, manufacturing, buying and selling lager beer and malt," and the premises demised by the lease consists of a three-story and basement dwelling house, the basement floor of which was converted into a store room and used as a saloon, though not by appellant; also that a residence is not suitable to the business of appellant. It appears from the evidence that the basement floor of the building in question is used as a saloon, and that the building is a "remodeled residence made over into a store and rooms above." Whether or not appellant used the basement for a saloon does not appear from the

evidence. The conducting of a saloon is clearly within the charter powers of appellant, viz., "buying and selling lager beer," and there is no evidence to show that appellant could not have run this saloon. Whether or not the rooms above the basement floor were used in connection with the saloon business does not appear, and we are not prepared to hold, in the absence of evidence, that they were not so used and were not necessary for the purposes of appellant's business. If the basement floor and rooms above were not in fact used by appellant in its business, we think it should have shown such fact before making a claim of the invalidity of the lease. Since the use of the leased building for saloon purposes was within the charter powers of appellant, and, at most, as to the rooms above the saloon, their use would be a mere abuse of its charter powers, the lease was not void. Rector v. Hartford D. Co., 190 Ill. 380–6, and cases cited.

A final claim is made that the declaration is insufficient because it declares upon an *ultra vires* contract, and that it does not aver that the appellee was the assignee of Holmes nor entitled to the rent. That the contract declared on is not *ultra vires* is sufficiently answered by what has been stated, and the first and second counts of the declaration in substance allege the assignment of the lease to appellee and that the appellant undertook and promised to pay the rents to appellee.

Counsel for appellee claim that the supplemental abstract furnished by them should be taxed against the appellant, and that ten per cent damages should be assessed against the appellant, for the reason that the appeal has been prosecuted for the purposes of delay. We think not. The supplemental abstract, while it supplies some matters not fully abstracted by appellant, was not necessary to a decision of the case, and we are not prepared to hold, upon a consideration of the questions presented, that the appeal was not taken in good faith.

The judgment of the Superior Court is affirmed.

*Affirmed.*