### John W. Hoover, Appellee, v. Lawrence Weber, Appellant.

### Gen. No. 5260.

1. LANDLORD AND TENANT—*what assignment of lease valid.* An assignment of a leasehold interest need not be under seal.

2. LANDLORD AND TENANT—*when assignee of lease liable for rent.* The assignee of a lease who has received the assignment of such lease with the consent of the landlord, continues liable for the rent until he duly surrenders possession of the demised premises to the landlord or until he reassigns the lease with the consent of the landlord.

Assumpsit. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

Z. F. YOST, for appellant.

E. A. SIMMONS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

John W. Hoover, by a written lease executed in duplicate under seal, rented a store room in the city of Pontiac to Amiel Harmon for the term of five years beginning October 1, 1903. The lease provided for the payment of rent at the rate of $55 per month payable the first day of each month during the term, and that neither the party of the second part nor his legal representatives will underlet said premises or any part thereof, or assign the lease without the written assent of the landlord. Harmon entered into possession of the leased premises October 1, 1903, and used them

for a pool and billiard hall. In January, 1906, Harmon with the written assent of the landlord assigned the lease to Burke Bros. delivering to the assignees his copy of the lease, and at the same time sold to the assignees the business and tables. In December, 1906, Burke Bros., with the written assent of the landlord, assigned the lease to Lawrence Weber, delivering to him the tenant's copy of the lease, and at the same time sold to Weber the business and tables and assigned to him the insurance policies on the tables. The assignments of the lease were in writing but not under seal. Frank Weber, a son of Lawrence Weber, went into possession of the premises under the assignment to his father and conducted the business in his own name until July, 1907, when Lawrence Weber desiring to sell the business and tables to John J. Epps, asked the landlord to consent to his assigning the lease to Epps. The landlord refused to consent to an assignment to Epps, but Weber made the sale to Epps and continued from time to time to pay the rent to the landlord when Epps did not do so, until September, 1908. When the landlord received rent from Epps he claims he received it from him as agent of Weber. The premises were not surrendered to the landlord at the termination of the lease, October 1, 1908, and Weber did nothing towards surrendering the building to the landlord until after the landlord brought this suit to recover rent, although Hoover on October 5 and 29, 1908, notified him by letter that he was holding him for the rent which was still accruing. This suit was begun on December 6, 1908, against Lawrence Weber to recover rent that had accrued from September 1, 1908. On the trial a verdict was returned for $220 in favor of the landlord, on which judgment was rendered, and the defendant appeals.

The appellant contends that he is not liable because the assignment of the lease was not under seal. An assignment of a leasehold estate need not be under seal. Taylor's Landlord and Tenant, sec. 428; Barrett v. Trainor, 50 Ill. App. 420; Keeley Brewing Co.

v. Mason, 102 Ill. App. 381. When appellee assented to the assignment of the lease to appellant and appellant by his son went into possession of the premises, appellant attorned to appellee, paying rent under the lease, and when he desired to sell to Epps, he requested appellee to consent to an assignment because of the clause in the lease providing that "the party of the second part" should make no assignment without the written assent of appellee. The appellee refusing to consent to an assignment, the appellant sold his interest in the business to Epps but made no assignment of the lease and still continued to pay rent until August, 1908, whenever Epps, to whom he had sold the fixtures and put in possession of the premises, failed to pay for him. Appellant did not make any pretense of assigning the lease to Epps although the copy assigned to Weber was in the place of business. The question of what would have been the situation of the parties, if appellant had made an assignment of the lease without the assent of appellee is not before us, but it is clear under the evidence that appellant attorned to and became the tenant of appellee, and that appellee refused to release appellant and accept Epps as a tenant, and that appellant is liable for the rent until he either delivered up possession to the appellee under the terms of the lease or re-assigned it to some person.

The evidence also shows that before the lease expired an execution was issued against Epps under which the sheriff levied on the property, took possession of the building and held it some time and then sold the goods to one Greenbaum, who entered and took possession and occupied the building during October, November and December. Those facts would not relieve appellant as tenant from complying with the terms of the lease. The only way he could discharge himself from liability for rent was to comply with the obligation in the lease to surrender possession at its expiration or re-assign it.

Some questions are raised upon the admission of testimony and concerning the instructions. We have examined the questions raised and do not find any reversible error in them. Under the statement of facts as made by appellant no other judgment could be rendered under the law. The judgment is affirmed.

*Affirmed.*