## Harry H. Orman, Appellant, v. Sam Bargas, Appellee.

### Gen. No. 6,746.

FORCIBLE ENTRY AND DETAINER, § 20*—*right of contract purchaser to sue.* One who with another has entered into a contract for the purchase of certain premises of a third person which contract does not provide for their possession prior to their receipt of the deed, and the deed to which has not been delivered cannot, as sole plaintiff, maintain forcible entry and detainer against a tenant under an existing lease for the possession of the premises, even though the contract provides that the purchaser shall be entitled to the rent from the time of the delivery of the deed, in such suit he sues as the assignee of the right to collect the rent but not of the reversion.

Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 9, 1920.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for appellant.

J. B. & J. L. OAKLEAF, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

April 19, 1916, J. W. Stewart being the owner of certain premises in East Moline, Rock Island county, entered into a contract with Peter Clemence and Peter

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Gristis to rent to them a building to be thereafter erected on a certain portion of such premises for a term from June 1, 1916, to June 1, 1919, at $15 per month rent, payable monthly in advance, with an option of an additional term of 2 years at $20 per month. The lease also contained an agreement that if Stewart sold the property and the purchaser did not desire to continue the lease, the tenants would consent to the cancellation of the lease on receipt of 60 days' notice from Stewart and upon the payment by Stewart to the tenants of $15 per month, in one payment, for the unexpired term of the lease.

March 31, 1918, Stewart entered into a written contract to sell the premises to Harry H. Orman, the appellant, and Lulu B. Orman, the purchase price to be paid in instalments. This contract provided that it was made subject to an existing lease, the purchaser to be entitled to the rents, if any, from the time of the delivery of the deed. No deed was at any time delivered under the contract. March 21, 1918, J. W. Stewart assigned the lease to Harry H. Orman.

September 24, 1918, Clemence and Gristis in writing assigned their interest in the lease to the appellee, Sam Bargas, and in the writing guaranteed the performance by Sam Bargas of all the covenants in the lease on their part to be performed. The lease provided that the tenant could not assign it except on the written consent of the first party. It contained a provision that it should bind the executors, administrators, heirs and assigns of the respective parties thereto. Stewart did not consent to the assignment to Bargas, but appellant did on the express provision that Clemence and Gristis should remain liable for the prompt payment of the rent and performance of the covenants of the lease on their part to be performed.

March 28, 1919, appellant served a written notice on appellee to vacate the premises in 60 days and at the same time tendered to appellee $31.50. A few days

thereafter appellant offered appellee $50, but did not tender the same to him.

Appellee on May 5, 1919, served on Harry H. Orman and Lulu B. Orman and on May 7, 1919, on Stewart, a notice of his election to avail himself of the option contained in the lease for an extension of the time to June 1, 1920, at the rental of $20 per month.

On June 2, 1919, which was more than 60 days after the notice given by appellant to appellee, appellant brought suit in forcible detainer against appellee before a justice of the peace. The case was appealed to the circuit court, where a jury was waived and the case was tried before the court and judgment rendered in favor of appellee, from which judgment the present appeal is prosecuted.

Many questions are argued by appellant and appellee which we do not deem it necessary to consider.

It does not appear from the evidence that the Ormans have completed their payments to Stewart or received from him a deed to the premises. The contract does not provide for their possession prior to their receipt of the deed, and, even if it had, the reversion would be in Harry H. Orman and Lulu B. Orman and not in appellee alone and he could not by reason of the contract maintain a suit for possession of the premises as the sole plaintiff.

Appellant obviously sues only as the assignee of the landlord. According to the holding of this court in *Bordereaux v. Walker,* 85 Ill. App. 86, the assignment was an assignment of the right to collect the rent only and not an assignment of the right of reversion. The reversion belonged to Stewart and was not assigned to appellant.

Appellant not having the right to the reversion cannot maintain an action for the possession of the premises and the judgment of the circuit court is therefore affirmed.

*Affirmed.*